Hunderlock v. The Dundee Mortgage and Trust Investment Company.

---

No. 8832.

HUNDERLOCK v. THE DUNDEE MORTGAGE AND TRUST IN-
VESTMENT COMPANY.

PARTIES.—*Appeal to Supreme Court.—Jurisdiction.—Dismissal.*—All parties to the judgment below affected thereby must be made parties to an appeal to the Supreme Court, else the appeal may be dismissed for want of jurisdiction. R. S. 1881, section 635.

From the Delaware Circuit Court.

*N. B. Lutes, N. C. Lutes, T. S. Walterhouse* and *W. March,* for appellant.

*J. M. Judah* and *A. S. Caldwell,* for appellee.

NIBLACK, J.—Complaint to foreclose a mortgage. The complaint averred that, on the 24th day of June, 1876, David F. Snyder executed to John B. Mitchell four negotiable prom-

issory notes for $275 each, the first payable on the 1st day of April, 1878, and one each annually thereafter; that, on the same day, Snyder, with his wife, Susan A. Snyder, executed a mortgage to Mitchell on certain lands in Delaware county, to secure the payment of the notes, which mortgage was duly recorded in the proper recorder's office; that about two weeks after they were executed Mitchell sold and transferred the notes and mortgage to Jacob Hunderlock, the plaintiff, of which Snyder had notice; that afterwards, on the 27th day of May, 1878, Snyder and wife executed a junior mortgage on the same lands to The Dundee Mortgage and Trust Investment Company (Limited), of Dundee, Scotland, in the United Kingdom of Great Britain and Ireland, to secure a loan of $1,300, made to Snyder; that afterwards, on the 6th day of June, 1878, Mitchell, the first mortgagee, without the knowledge or consent of, and without authority from, the plaintiff, entered on the record of the mortgage which had been executed to him a pretended release and satisfaction of that mortgage; that default had been made in the payment of a part of the money which the last named mortgage had been given to secure.

Snyder and wife made default, and The Dundee Mortgage Company answered, and by way of cross complaint alleged, that at the time it made the loan referred to and took its mortgage from Snyder and wife, it had no notice of any kind of the transfer of the Mitchell notes and mortgage to the plaintiff; that at the time Mitchell entered the release and satisfaction of record, complained of, it had reason to believe that Mitchell was in good faith the owner of the notes and mortgage filed with the complaint; that its loan to Snyder was not consummated until after such release and satisfaction had been entered by Mitchell, and was made in entire confidence that Mitchell had full power and authority to discharge the mortgage sought to be foreclosed. Wherefore the cross complaint demanded that The Dundee Mortgage Company's mortgage might be decreed to have priority over the mortgage in suit,

and that the latter mortgage should be foreclosed only as subject to the prior lien of the company's mortgage.

The court trying the cause made a finding that there was due from Snyder to the plaintiff upon the notes sued on and overdue the sum of $829.43, and that the lien of The Dundee Mortgage Company's mortgage was entitled to priority over that of the plaintiff's mortgage. A personal judgment was thereupon rendered against Snyder for the amount found to be due from him to the plaintiff, and a decree for the foreclosure of the mortgage held by the plaintiff was entered, but at the same time ordering and directing that the mortgaged lands should be sold subject to the prior lien of The Dundee Mortgage Company's mortgage.

The plaintiff has appealed to this court without making Snyder and wife in any manner parties to the appeal, The Dundee Mortgage Company being made, both by the assignment of error and the service of notice, the only appellee.

The appellee has moved to dismiss this appeal because of the appellant's failure to make Snyder and wife parties to the proceedings upon it in this court. No case has been cited in support of this motion, which is, in all respects, in point as a precedent, and, so far as we are advised, the precise question presented by the motion is one of first impression in this court. But it is an elementary rule in appellate proceedings that all the parties to, and affected by, the judgment appealed from must be, actually or constructively, included in the appeal, upon the principle that those only before the appellate court are bound by the appeal, and that hence the inclusion of all the parties to the judgment appealed from is necessary to confer complete jurisdiction upon the latter court. Any other rule might result in the prosecution of two or more appeals from the same judgment, thus requiring the appellate court to review the same proceedings a second or greater number of times without having at any given time jurisdiction of all the parties to the judgment, and, consequently, with only

limited jurisdiction over the subject-matter of the appeal.
Busk. Prac. 50, 121; R. S. 1881, sec. 635.

When, therefore, all the parties entitled to be heard upon
an appeal have not been brought before the appellate court,
the appeal will be dismissed when a question is made upon
the omission at the proper time, and in some appropriate way.

The appellee's motion will have to be sustained. The ap-
peal is dismissed, accordingly, at the appellant's costs.