Filed Dec. 11, 1884.

———————◆———————

No. 10,263.

TRAVELLERS INSURANCE COMPANY v. YOUNT ET AL.

SUPREME COURT.—*Parties.*—*Appeal.*—Where there is a defect of parties to an appeal, the Supreme Court will not dismiss the appeal of its own motion.

MORTGAGE.—*Description of Lands.*—*Complaint.*—*Evidence.*—A creek is a monument which may be referred to as a boundary in a deed or mortgage without vitiating the description for uncertainty, and a complaint in an action to foreclose the mortgage, which, after giving such description, then adds " a more particular description "·by giving the courses and distances of the boundary lines, can not for that reason be regarded as seeking to reform the instrument; and evidence of such extrinsic facts as will make more definite the defective description, is admissible.

From the Montgomery Circuit Court.

*F. H. Levering, J. Wright* and *J. M. Seller,* for appellant.

*E. C. Snyder,* for appellees.

NIBLACK, C. J.—On the 7th day of October, 1867, Jacob M. Troutman and Mary Troutman, his wife, executed to Dan Yount their promissory note for the sum of $6,000, payable five years after date, without interest.

To secure the payment of that note, Troutman and wife, also, on the same day, executed to Yount a mortgage on the following described real estate, in Montgomery county : "All that part of fifty-nine (59) acres of land not heretofore sold, and owned by Simon W. Binnage, in the north fraction of the northeast quarter of section three (3), in township eighteen (18) north, of range five (5) west, which lies south of the

north line of Sugar creek; also, all that part of the north-west quarter of said section three (3), in said township and range, which lies on the east side of Sugar creek, supposed to contain twenty-four (24) acres, said premises being the mill tract owned by the mortgagors." Which mortgage was, on the 5th day of February, 1868, duly recorded in the proper recorder's office.

On the 5th day of July, 1875, Troutman made and delivered to the Travellers Insurance Company eleven promissory notes, the first for $2,500 payable five years after date, and the rest for $125 each, for semi-annual interest to accrue on the first note payable at intervals accordingly.

Troutman and his wife, to secure the payment of these notes, also, on the last named day, executed to the said Travellers Insurance Company a mortgage on the same lands, describing them, however, by metes and bounds, and hence much more particularly and minutely than in the mortgage to Yount, which mortgage to the insurance company was also duly recorded.

On the 7th day of April, 1881, Yount commenced this action in a complaint of one paragraph, to foreclose his mortgage, making the insurance company, as an alleged junior mortgagee, a co-defendant with Troutman and wife to answer as to its interest in the mortgaged lands. Troutman and wife made default. The insurance company demurred to the complaint, but its demurrer was overruled.

Afterwards Yount filed an additional paragraph to his complaint, known as the second paragraph, in which the mortgaged lands were first described as in the first paragraph, but then proceeding: "And said plaintiff further avers that a more particular description of the mill tract owned by the mortgagors and mortgaged to the plaintiff as aforesaid, and by the aforesaid description, is as follows: " and giving a more particular description by metes and bounds, similar to that contained in the mortgage to the insurance company. A demurrer was also interposed by the insurance company to

this latter paragraph of the complaint, but it was in like manner overruled.

The insurance company then answered in two paragraphs: *First.* In general denial. *Second.* Setting up special matter in opposition to Yount's claim of priority for his mortgage, upon which issue was joined.

At the hearing, the court made a finding that there was due from Troutman and wife to Yount the sum of $9,300, and rendered a personal judgment accordingly; also, that Yount's mortgage was entitled to priority over that of the insurance company, and ought to be foreclosed against all the defendants. A new trial being first denied, the court entered a decree foreclosing Yount's mortgage and ordering that upon a sale of the mortgaged lands, the proceeds should first be applied to the personal judgment in his favor against Troutman and wife, after the payment of costs, and next in order upon the insurance company's mortgage.

The insurance company has alone appealed, assigning error against Troutman and wife, as well as Yount, as appellees. This does not properly bring all the parties to the judgment appealed from before us. Troutman and wife ought to have been made co-appellants, unless upon notice they refused to join in the appeal, in which case their names would have been struck out as parties in this court. R. S. 1881, section 635; *Hunderlock* v. *Dundee, etc., Co.*, 88 Ind. 139; Buskirk Prac. 45. No question is made, however, upon the defect of parties thus merely suggested, and for that reason no order is made dismissing this appeal for want of proper parties.

It is urged as an objection to both paragraphs of the complaint that the mortgage upon which both were founded is void for uncertainty in the description of the lands intended to be mortgaged by it; that consequently it constituted no lien upon the lands in controversy, and the record of it afforded no notice of any prior mortgage lien as against the appellant.

As to the alleged uncertainty in the description of the lands

in the mortgage, it is argued that courts do not take judicial notice of the meanderings of a stream, and that hence the reference to Sugar creek in connection with, and as a part of, that description, adds nothing to its certainty in any material respect.

In describing lands, monuments must control courses and distances, and among the natural objects which are often referred to as monuments in deeds, and which have been the subject of somewhat arbitrary rules, are streams and rivers, ponds, shores, beaches, highways, streets, and the like. 3 Washb. Real Prop., marg. pp. 631, 632. These natural objects can be as readily ascertained by an inspection of the premises, and when ascertained serve the same purpose, as any other class of monuments.

The reference to Sugar creek in the description before us constituted that stream a monument in the description, and aided materially in the designation of the lands intended to be mortgaged. The assertion that the lands composed the mill tract owned by the mortgagors still further aided in giving certainty to the description of which it formed the concluding part.

Wade on the Law of Notice says: "In order that the record of a deed shall be vitiated by errors or uncertainty in the description, or other part of the original, the error must be in a matter of substance, or the uncertainty one which can not be rendered certain by such inquiries as the record would naturally excite." Wade Notice, section 183.

While the description under consideration was defective for some purposes without the aid of extrinsic averments, it was sufficient to put a subsequent purchaser, or subsequent mortgagee, upon his inquiry, and, when recorded, to serve as constructive notice of the lien created by the mortgage. The rule as to such descriptions is that that is certain which may be rendered certain, using what is given as the basis of the inquiry.

It is also objected to the second paragraph of the complaint,

that it was really a complaint to reform, as well as to foreclose, the mortgage, and that it was bad as a complaint to reform the mortgage, because it did not aver that the defective description was the result of a mistake made by the parties, and because no excuse was shown for the long delay in commencing proceedings for the reformation demanded.

We do not construe this paragraph of the complaint as having demanded a reformation of the mortgage in any respect. It described the mortgaged lands first as they were described in the mortgage, and then proceeded to aver extrinsic facts, giving a more particular and specific description of such lands, as may be done in any similar case of defective merely, and not void, description of lands in a deed, thus paving the way for proof of the extrinsic facts so averred, and as are necessary to make a more definite description.

Troutman, the husband mortgagor, was permitted, over the objection of counsel for the appellant, to testify that he pointed out the lands described by, and included in, the mortgage to one Ira McConnell.

McConnell, also introduced as a witness, was, over a like objection, allowed to state that the particular description, by metes and bounds, contained in the second paragraph of the complaint, correctly described the lands pointed out to him by Troutman.

It is insisted that as the complaint did not contain facts showing the mortgagee to be entitled to have a reformation of the mortgage, the evidence admitted as above was not relevant to any issue between the parties, and was, hence, erroneously admitted.

But what we have already said leads us to hold that this evidence fairly tended to establish the extrinsic facts averred in the second paragraph of the complaint for the purpose of formulating a more specific description of the mortgaged lands, and, in that way, to support the proper allegations of that paragraph. We see no error in the refusal of the court to grant a new trial in the cause.

Some question is made upon the form as well as the substance of the judgment rendered upon the finding of the court, but in the first place our ruling upon the complaint and the evidence practically sustains the correctness of the judgment as rendered, and, in the next place, no exception was reserved upon the rendition of the judgment. A question either upon the form or the substance of a judgment can not be raised for the first time in this court. *Hessong* v. *Rosenstihl,* 62 Ind. 79; *Carter* v. *Zenblin,* 68 Ind. 436; *Teal* v. *Spangler,* 72 Ind. 380; *Evans* v. *Feeny,* 81 Ind. 532.

The judgment is affirmed, with costs.

Filed May 29, 1883.

## ON PETITION FOR A REHEARING.

NIBLACK, J.—A rehearing of this cause is petitioned for upon the ground that the description of the mortgaged lands as particularly described in the second paragraph of the complaint was much more comprehensive than the subsectional divisions used in the description of those lands in the mortgage by Troutman and wife to Yount ought to have been construed as including, and that, hence, Yount was not entitled to a first mortgage lien upon all the lands particularly described in that paragraph of the complaint. It must be observed, however, that descriptive words were used in addition to the subsectional references contained in Yount's mortgage. The first tract was referred to as having been owned by Simon W. Binnage, and the second as "the mill tract owned by the mortgagors." We can not, as a matter of judicial construction, say that these additional descriptive words were not in fact as comprehensive as the particular description of the mortgaged lands contained in the second paragraph of the complaint, that became and was disposed of as a question upon the evidence.

The petition for a rehearing is overruled.

Filed Jan. 3, 1885.