Shulties, Administrator, v. Keiser.

Filed April 25, 1884.

---

No. 10,999.

## SHULTIES, ADMINISTRATOR, v. KEISER.

SUPREME COURT.—*Filing Brief.*—*Dismissal.*—Where an appellant fails to file a brief within sixty days after the submission of the cause, the appeal will be dismissed.

SAME.—*Co-Parties.*—*Jurisdiction.*—Where the appellant's co-party does not appeal and is not named as an appellant, nor notified of the appeal, the same must be dismissed, as the court has no jurisdiction of the cause.

From the Whitley Circuit Court.

*T. R. Marshall* and *W. F. McNagny,* for appellant.

*J. W. Adair,* for appellee.

BEST, C.—On the 29th day of May, 1883, the appellee filed in the Whitley Circuit Court his application for the removal of the appellant as administrator of the estate of Andrew Keiser, deceased. In this application it was averred that said decedent died at said county on the 25th day of said month, intestate, leaving a widow, the appellee, and some other children surviving him; and that on the 26th day of said month the appellant induced the clerk of said county to appoint him administrator of said estate, by falsely representing to him that the widow and children had waived their right to such appointment, and had requested him to take it, etc.

On the same day the appellee, upon notice to appellant, applied to the judge of said court, during its vacation and at chambers, for an injunction to restrain the appellant from assuming the duties of his trust, and upon the hearing of such motion the judge made an order removing the appellant as administrator of said estate, and directing the clerk to appoint the appellee. From this order this appeal has been taken.

Shulties, Administrator, *v.* Keiser.

This proceeding is as novel as it was summary, and if an appeal will lie from such proceeding, which may well be doubted, this appeal must be dismissed, under rule 14 of this court, as the appellant did not file a brief in this cause within sixty days after its submission, and the appellee has not filed a written request that the cause be passed upon by the court. *Stephens* v. *Stephens*, 51 Ind. 542; *Murray* v. *Williamson*, 79 Ind. 287; *Sagasser* v. *Wynn*, 88 Ind. 226.

The appeal must, therefore, be dismissed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the appeal be dismissed, at appellant's costs.

Filed Jan. 26, 1884.

### ON MOTION TO REINSTATE.

BEST, C.—The appellant has made a motion to reinstate this case, on the ground that the cause had not been submitted as to James H. Harrison, one of the persons named as an appellee, and on the ground that the appellant's brief was not filed in time, because he had furnished it to opposing counsel, who had not returned it in time.

The record discloses the fact that the cause had not been submitted as to James H. Harrison, as claimed, but this fact, instead of furnishing any ground for reinstating the cause, rather furnishes an additional reason for dismissing the appeal. James H. Harrison was one of the defendants and does not appeal. The appellant alone appeals, and should have named Harrison as an appellant, and notified him to join in the appeal. This he has not done, and this omission justifies the action of the court in dismissing the appeal. Section 635, R. S. 1881; *Harlan* v. *Watson*, 39 Ind. 393.

Many cases have been dismissed because the appellant failed to notify co-parties to the judgment of such appeal, and, certainly, such omission can not be cause for dismissing the appeal and at the same time be cause for reinstating the case. Without notice to such parties this court has no jurisdiction,

and the appeal should be dismissed. *Hunderlock* v. *Dundee, etc., Co.,* 88 Ind. 139.

As the omission to name Harrison as an appellant, and to serve notice upon him, would require the dismissal of the appeal were the cause reinstated, we will not consider the sufficiency of the excuse for failing to file a brief, as the cause must stand dismissed, whether the excuse is or is not sufficient. The motion should, therefore, be overruled.

PER CURIAM.—The motion is overruled.

Filed April 25, 1884.