# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1891, IN THE SEVENTY-
SIXTH YEAR OF THE STATE.

---

No. 16,148.

## HUTTS ET AL. *v.* MARTIN.

APPEAL.—*Notice to Co-Parties.*—*Supreme Court will Relieve Against Mistake.*
—Where appellant's failure to give notice of the appeal to his co-party
is due to accident or mistake, the appeal will not be dismissed, but an
opportunity will be given to the appellant to correct his error.

From the Montgomery Circuit Court.

*L. J. Coppage* and *M. D. White,* for appellants.
*H. H. Dochterman* and *D. Simms,* for appellee.

ELLIOTT, C. J.—This action was instituted by John B.
Martin against Mark O. Hutts, Henry P. Hutts, Milton
Hutts, Joseph Hutts, Francis Hutts, Eliza Whittaker and
William Whittaker. The trial court found that all of the
defendants were in possession of the land to which Martin
asserted a right, and that they claimed title adversely to him.
The court found and adjudged that Martin was entitled to
the land, and to recover possession. William Whittaker is
not made a party to the appeal, but in the assignment of
errors Elizabeth Whittaker is named as an appellant. The

appellee has filed a motion to dismiss the appeal, upon the ground that two of the defendants below and co-parties of the appellants are not made parties to the appeal.

The rule requiring notice to be given co-parties is not a technical one, but, on the contrary, is a rule of substance and importance. The presence of co-parties on appeal is essential to complete jurisdiction, so that the question of co-parties is one of a jurisdictional nature. Our statute concerning co-parties is explicit and mandatory, and neither the court nor the parties can disregard it. Section 635, R. S. 1881. Notice to co-parties is imperatively required. *Travellers Ins. Co.* v. *Yount,* 98 Ind. 454; *Concannon* v. *Noble,* 96 Ind. 326; *Shulties* v. *Keiser,* 95 Ind. 159; *Hunderlock* v. *Dundee, etc., Co.,* 88 Ind. 139.

The common-law rule respecting parties was more strict than that prescribed by our code. It is, however, not always true that parties to the record or parties to the action upon the same side are co-parties, for there may be a complete severance of interest by the judgment below, or the parties to the action or record may not be parties to the judgment.

In this instance Eliza Whittaker and William Whittaker are co-parties of the appellants, for the action is to recover possession of land, and the trial court found and adjudged that all who were defendants were in possession of the land asserting title adversely to the appellee, and among the defendants were William and Eliza Whittaker. As they were co-parties, the appellants should have given them notice as the law requires.

We have concluded that, although the appellants have not given their co-parties notice, the appeal ought not to be dismissed. This conclusion is asserted by us for the reason that the appellants have shown that the failure to make necessary parties was due to accident or to mistake of fact. The mistake as to Eliza Whittaker is simply in naming her Elizabeth Whittaker, and as to William Whittaker, the mistake is shown to have been caused by an error of the clerk of the

trial court in making out the transcript. We think it clear that an appellate court has the inherent power to relieve against accident and excusable mistake in the proper case. *Smythe* v. *Boswell,* 117 Ind. 365. If it were not for the mistake, the motion to dismiss the appeal should be sustained, inasmuch as all parties must be brought in within the time limited for appealing, unless accident, fraud or excusable mistake is affirmatively shown. *Holloran* v. *Midland R. W. Co.,* 129 Ind. 274.

Ordered that the motion to dismiss be overruled, that the costs of the motion be taxed against the appellants, and that they be allowed thirty days in which to correct their errors respecting parties.

Filed March 19, 1892.