Filed Jan. 18, 1895.

———————————✦———————————

No. 17,111.

WOOD *v.* CLITES ET AL.

APPEAL.— *Necessary Parties Appellant.— Dismissal of Appeal.*— All parties entitled to appeal must be joined as co-appellants in the same appeal, and served with notice, otherwise the appeal will be subject to dismissal. It is not sufficient to make such parties co-defendants.

From the Porter Circuit Court.

*N. L. Agnew* and *D. E. Kelly*, for appellant.

*H. A. Gillett* and *A. L. Jones*, for appellees.

McCABE, J.—This was a suit by the appellees against the appellant and the Pennsylvania Company, for equitable relief.

It is alleged, in substance, in the complaint, that George S. Wood died, in Porter county, on June 28, 1890, unmarried, 28 years old, and left surviving him as his only next of kin and heirs at law appellant, his mother, and appellee Charles Wood, a half brother, and appellees Grace M. Clites and Myrza E. Clites, children of a deceased sister; that the defendant, the Pennsylvania Company, was, and had been for more than five years, operating a railroad through said county, and that the death of said Wood came to him through the negligence

of said company in running a locomotive engine upon and over him at a public highway crossing in said county, without fault or negligence on his part; that afterwards, on July 12, 1890, the said defendant Martha Wood was duly appointed administratrix of the estate of said decedent, and is still acting as such; that she, on June 1, 1891, as such administratrix, commenced a suit in said circuit court against said defendant company to recover damages for said death, which suit continued pending in said court until it was terminated as hereinafter stated; that on June 17, 1892, said defendants entered into a collusive agreement, whereby the said defendant company, admitting its liability, agreed to pay said Martha $1,250 individually in discharge of all such liability; and, in pursuance of such collusive agreement, on said last named date, said Martha Wood commenced a suit in said court, in her individual capacity, against said defendant company for the same wrongful killing; that both suits were pending until the 1st day of July, 1892, when said collusive agreement was consummated by causing an entry to be made by said court in said causes without any trial of either of them, showing a submission of both of them and a finding for the defendant in the administratrix case, and a judgment against her, as such, for all costs, and a finding for the plaintiff in the individual case, and a judgment against the defendant therein for $1,250 and costs; that the object of said arrangement was to enable the defendant company to secure a cheap settlement of its liability and to give the said Martha Wood the entire benefit thereof and deprive the plaintiffs, the other appellees and the other next of kin of all such benefit; that said defendant Martha now claims that said judgment, which is yet unpaid, belongs to her in her individual capacity, and threatens and intends to collect and appropriate the same

to her own use, and denies any right or interest of the plaintiffs in such proceeds; that the damages by the death of said decedent, to the next of kin, was fully $3,000.

Prayer that the judgment for costs against the administratrix be set aside, and for a decree that said judgment against said company be held by said Martha in trust for herself and the plaintiffs in the proportions fixed by the statute of distributions, and other proper relief.

Two of the plaintiffs, Grace M. and Myrza E. Clites, were minors, and sue by next friend, and the other, Charles Wood, was an adult, and sued in his own name.

After overruling separate demurrers by each of the defendants, Martha Wood and the Pennsylvania Company, there were separate answers, upon which issues were formed.

A trial thereof resulted in a special finding by the court, upon which it stated conclusions of law against the appellant Martha Wood and the appellee, the Pennsylvania Company, upon which the other appellees, Clites and Clites and Charles Wood, had judgment and decree that said Martha Wood was equitably entitled to $250 of said judgment to reimburse her for her expense and costs in obtaining the same, and as to $1,000 of the principal thereof, and the interest thereon, one-half thereof belongs to said Martha Wood, and one-fourth thereof belongs to Grace M. and Myrza E. Clites, and the remaining fourth thereof belongs to the plaintiff Charles Wood, and that the same is collectible by and in favor of said respective parties in the proportions aforesaid, and that the plaintiffs recover their costs from the defendants.

The conclusions of law are assigned for error. The Pennsylvania company was a coparty and codefendant in the complaint, and was a coparty to the judgment, and is bound thereby until it is reversed or set aside.

The statute requires such a coparty to be made a party to an appeal from such judgment. 1 Burns R. S. 1894, section 647, R. S. 1881, section 635. We held in *Gregory* v. *Smith*, 139 Ind. 48, on a full and mature consideration of the statute and adjudged cases that: "Making a part of the coparties against whom the judgment * is rendered appellees on * appeal * clothed them with no more rights, and created no more liabilities against them than if they had not been made parties at all." We there held that when a part of the joint judgment defendants appeal they must make the others coappellants with themselves, and not appellees, and though they were made appellees, and not appellants, in that case, as in this, the appeal for that reason was dismissed. According to that case, the failure to make the Pennsylvania Company a coappellant was the same in effect as not making it a party at all, and rendered ineffective any notice that might have been served on it as a party to the appeal. Some of our cases have held this defect jurisdictional. *Hunderlock* v. *Dundee, etc., Co.,* 88 Ind. 139; *State, ex rel.,* v. *East,* 88 Ind. 602; *Shulties, Admr.,* v. *Keiser,* 95 Ind. 159; *Gourley* v. *Embree,* 137 Ind. 82; *Hutts* v. *Martin,* 131 Ind. 1.

If the defect deprives this court of jurisdiction in any case, it certainly does in this case. As already observed, the condition of this appeal is the same as if the Pennsylvania Company had not been made a party at all. The effect of the judgment and decree appealed from is to authorize that company to pay one-half of $1,000 of the original judgment to other parties than the original judgment plaintiff Martha Wood. She appeals, and seeks to reverse that adjudication without bringing the Pennsylvania Company properly before this court so as to bind it by such reversal. In the meantime, it may have paid the judgment to parties entitled thereto under the last

.adjudication. If the company had been made a coappellant with appellant, and had notice served on it, then, unless it appeared and declined to join in the appeal, it would be regarded by the statute as having joined. In that way this court would have acquired jurisdiction over the company. This court can not disturb a judgment as to parties not properly brought before it where such disturbance might injuriously affect the rights of such absent party. All parties entitled to appeal must be joined as coappellants in one and the same appeal.

The appeal is therefore dismissed.

Filed Dec. 12, 1894; petition to set aside dismissal overruled Feb. 7, '95