Midland Railway Company *et al. v.* St. Clair.

Filed March 26, 1896.

---

No. 17,141.

MIDLAND RAILWAY COMPANY ET AL. *v.* ST. CLAIR.

APPELLATE PROCEDURE.—*Waiver.—Appearance by Appellee.—Collateral Proceeding.*—The mere appearance by an appellee to a collateral proceeding, without appearing generally or consenting to a

| 144 | 363 |
| 142 | 658 |
| 144 | 334 |
| 144 | 363 |
| 153 | 314 |
| 144 | 363 |
| 154 | 394 |
| 144 | 363 |
| 157 | 493 |
| 144 | 363 |
| 158 | 225 |
| 144 | 363 |
| 168 | 656 |

submission, does not waive his right to claim that all the parties have not been brought before the court on appeal, where such question was directly raised on the appearance.

SAME.—*Waiver.—Parties.*—The appellee cannot waive a failure of the appellant to bring before the court the necessary parties to give it jurisdiction.

SAME.—*Necessary Parties to Appeal.—Lien.*—An appeal by certain defendants from a judgment declaring that the lien of plaintiff is superior to the liens of the other defendants, referred to in the complaint and finding of facts, which specifically names each defendant, will be dismissed, where the other defendants are not brought before the Appellate Court, although they were defaulted.

From the Tipton Circuit Court.

*H. Crawford, W. R. Crawford, B. K. Elliott* and *W. F. Elliott,* for appellants.

*L. F. Limbert, G. Shirts* and *I. A. Kilbourne,* for appellee.

HACKNEY, C. J.—The appellee sued the appellants, the Midland Railway Company and the Chicago & Southeastern Railway Company, and numerous others, setting up a purchase of and deed for that part of the Midland railway and road-bed within Hamilton county, in this State, at a sale for delinquent and current taxes; that the defendants, other than said Midland Railway Company, held a mortgage and judgment liens against said property, all of which were, it was alleged, junior to the claim of the appellee for such taxes. As to the Chicago & Southeastern Railway company, it was alleged that it had become a purchaser subsequent to the tax sale, and had thereafter executed a mortgage to a trustee, who was also made a defendant.

The alternative prayer of the complaint was for the quieting of appellee's title to the property, or that he be adjudged to hold a lien upon the property, and

that such lien be declared senior to the claims of the several defendants. In the Tipton Circuit Court, to which a change of venue had been taken from the Hamilton Circuit Court, all of the defendants, excepting the Midland Railway Company and the Chicago & Southeastern Railway Company, were defaulted, and upon a trial by the court, as between the appellee and said defendants not defaulted, a special finding of facts, and conclusions of law were stated, and the following entry was thereupon made and placed of record by the court: "To each of which conclusions of law as announced by the court, each of said defendants, railway companies, at the time, excepted. And the plaintiff now moves the court for judgment in his favor on said findings and conclusions, which motion is sustained by the court, and the court now renders judgment accordingly. It is therefore considered, adjudged and decreed by the court that the plaintiff, Henry St. Clair, is not entitled to have his title quieted in the said tracts of land and railway road-bed as described in his complaint. It is further considered, adjudged and decreed by the court that there is due the plaintiff from the defendant, the Midland Railway Company, said sum of seven thousand, six hundred and ninety-three dollars and seventeen cents ($7,693.17) on account of said tax lien sued upon, together with his costs and charges herein laid out and expended, taxed at ——— dollars, and that the same is a lien in favor of the plaintiff against said tracts and parcels of land and railway road bed, described in the complaint and foregoing finding of facts, and that said lien is superior to the liens of the other defendants referred to and mentioned in the complaint and foregoing finding of facts. And it is further considered, adjudged and decreed by the court that the owners of said property shall pay to the

Midland Railway Company *et al. v.* St. Clair.

plaintiff herein the sum of $7,693.17 and all costs of suit herein laid out and expended, within ninety (90) days from this date, and, in default of the payment thereof within the time aforesaid, that the plaintiff shall be entitled to his legal and equitable rights and process for the collection of the same in any manner authorized by law or equity, or to proceed to collect the same in such manner as may be ordered or directed by any court of general jurisdiction having jurisdiction over such matters." In vacation of the circuit court the Midland Railway Company and the Chicago & Southeastern Railway Company perfected what they here treat as an appeal from the judgment and decree of that court. Said two companies and the appellee, St. Clair, are the only parties to the record in this court, and there is no excuse of record or by assignment of error for not making parties to the appeal herein those persons, not including said companies, who were defendants in the trial court.

One assignment of error is that "The decree as entered is irregular, erroneous and incapable of enforcement." The appellee questions the jurisdiction of this court upon two grounds: (1) that all parties in interest under the proceedings and decree of the trial court are not before this court, and (2) there is no valid final judgment or decree of the circuit court from which an appeal lies. Notwithstanding the above quoted assignment of error, counsel for appellants insist that "The judgment was in every respect final. It finally adjudged a specific sum of money to be due from the railway company to the appellee, St. Clair, on account of a tax lien, and decreed that such amount is a first lien on the railway in Hamilton county. This judgment, until reversed, closes the controversy and is as complete an estoppel as any final judgment could ever be. The only steps that are

open thereafter to the plaintiff are to take steps 'to collect the same.' The judgment appealed from is not interlocutory or intermediate, but regularly rendered on a final hearing, and because 'the plaintiff moves the court for judgment in his favor on said findings and conclusions.' Every question presented by the issues was disposed of by the judgment and left no further power in the circuit court to grant any further judgment on the pleadings before it." ·

If not of the character thus claimed for the judgment, there was nothing from which to appeal to this court, and the proceedings in this court should be dismissed. *Gray* v. *Singer, Admr.,* 137 Ind. 257, and authorities there cited. Whether the decree is of the character claimed for it by the appellants we need not now dcide, but, accepting the appellants' view, for the purpose of another question, we proceed to inquire whether the appeal can be entertained without bringing before this court the other persons, who, with the appellants, were co-defendants below. It is the well settled practice that all parties against whom the judgment is rendered are necessary parties appellant. *Gregory* v. *Smith,* 139 Ind. 48 ; *Bozeman* v. *Cale,* 139 Ind. 187 ; *State* v. *Hodgin,* 139 Ind. 498 ; *Benbow* v. *Garrard,* 139 Ind. 571 ; *Wood* v. *Clites,* 140 Ind. 472; *Gourley* v. *Embree,* 137 Ind. 82; *Colgrove* v. *Brummitt,* 41 N. E. Rep. 795; section 647, R. S. 1894.

Appellants seek to maintain that because defendants not joined as appellants were not named in the decree and were not jointly interested with the Midland Railway Company in the payment of the tax lien, and were not entitled to any part of the sum recovered, they were not co-parties united in interest. St. Clair presented by his complaint an issue affecting alike all who were made defendants, namely: the priority of a valid lien in his favor. If the lien were

not valid, the defendants not joined in this appeal would have the opportunity of pursuing, for their claims, property rendered $7,693.17 more valuable by that conclusion. In the question of the validity of the appellee's lien, every defendant had an interest in harmony with that of the two companies here appealing. This conclusion is made clearer, perhaps, by a concession, for the purpose of illustration, that, as claimed by the appellants, the description of the property sold for taxes is not sufficiently definite in the decree to constitute a valid lien, in the sense in which that question was made in *Swatts* v. *Bowen*, 141 Ind. 322, and if for that reason the appellants should reverse the decree, it would then be found that defendants, interested alike with appellants, had been precluded by a judgment which did not preclude the appellants. Or, if the complaint should, from the defective description of the property alleged, or other reason, be wholly insufficient, as appellants contend that it is, there is neither reason nor authority for the conclusion that the other defendants could not have appealed, though having suffered a default. In the light of the authorities we have cited there can be no doubt, we think, that such defendants were necessary parties appellant, if they are precluded by the decree, upon the proposition suggested, as the appellants claim to have been precluded. That they were so precluded, though not particularly named in the decree, is no more in doubt than that the appellants were precluded. It is decreed that said lien of St. Clair "is superior to the liens of the other defendants referred to and mentioned in the complaint and the foregoing finding of facts." The special finding of facts to which such reference is thus made, specifically names each of the co-defendants of the appellants and states the amount of his judgment lien

Midland Railway Company *et al. v.* St. Clair.

against the property. It is further true that the decree did not name the appellant, the Chicago & Southeastern Railway Company, and there is no more reason to claim that it is precluded by the decree foreclosing the lien of St. Clair, by the reference to "the other defendants," than that the co-defendants of appellants were not precluded.

It is further insisted that the appellee, before questioning the jurisdiction of this court upon the proposition that all necessary appellants were not in court, has waived his right to question the jurisdiction of this court by his numerous appearances in the filing of certain motions, briefs, etc., on collateral proceedings by way of injunction granted by this court to protect its claim of jurisdiction in this case until a hearing might be had. In this proposition counsel are in error. Before the submission of the cause, and in the first steps taken by the appellee, he questioned the jurisdiction of this court, because of the absence of parties, by motion to dissolve the injunction, and, by brief in support thereof, raised that question. However, it is our opinion that the question is one that the appellee could not waive. In Elliott's App. Proced., section 145, it is said : "It has been held in very many cases that if a case is submitted by agreement the appellee waives the objection that co-parties were not notified. We venture to suggest, notwithstanding the formidable array of cases, that the doctrine that an agreement to submit operates as a waiver is not sound, and we offer as a reason for our conclusion that one party cannot by consent, actual or implied, confer jurisdiction over some other person. A person may, of course, confer authority over himself and his own rights, but he cannot confer authority over another person or his rights," etc. The authorities re-

ferred to in the text are not in conflict with our con-
clusion in this case that a mere appearance to a col-
lateral proceeding, not consenting to a submission,
not appearing generally, but, when so appearing,
directly raising the question,does not waive the right.
The reasoning of Judge Elliott is sound and has
fuller force on the facts before us than to the proposi-
tion to which it was there directed.  If the decree is
or is not of such strength as to constitute a final de-
termination this appeal should be dismissed, in the
first instance because of the defect of parties appel-
lant, and in the second because of the absence of any
basis for the appeal.  Nor is the question one which
may be precluded by the conduct of the parties to the
appeal, since it is the practice that the court, discov-
ering the absence of jurisdiction, will, without motion
from the parties, dismiss the appeal.  *Hutts* v. *Martin*,
131 Ind. 1.

Pending this appeal, and to protect the jurisdiction
of this court against a disposition of the property in
question by a receiver appointed after the decree
from which this appeal was taken, we granted, on
November 14, 1893, a restraining order directed to
such receiver, and forbidding interference with such
property.  Having now ascertained that the appeal
is not properly brought into this court, and that the
protection of its supposed jurisdiction is no longer
essential, said restraining order is dissolved and set
aside.  And, for reasons above given, the appeal
herein is dismissed.

Filed November 25, 1895; petition for rehearing overruled March
26, 1896.