SPANGLER *v.* SAVINGS LOAN AND TRUST COMPANY ET AL.

[No. 9,084. Filed November 24, 1916. Rehearing denied February 21, 1917. Transfer denied January 18, 1918.]

1. APPEAL.—*Waiver of Error.*—*Necessary Parties.*—*Jurisdictional Defects.*—Although appellees, by filing a petition for an extension of time to file briefs, waived their right under the rules of court to file a motion to dismiss the appeal, and so far as they could do so, conferred on the appellate court the right to dispose of the appeal upon its merits, they could not, by such petition and waiver, confer upon the appellate tribunal jurisdiction of a party who was not before it, either as appellant or appellee. p. 517.

2. APPEAL.—*Parties.*—*Determination.*—In determining who are parties to the judgment appealed from, the appellate tribunal will look through the record to the pleadings and, if necessary, to the summons. p. 517.

3. APPEAL.—*Parties.—Determination.*—Where intervener made a company a party defendant to his petition, and the record showed an appearance by the company and its receiver, it was, in fact, a party, even though the intervener did not intend to make the company a defendant except through its receiver, and did not ask for summons upon it. p. 518.

4. APPEAL.—*Parties.—Determination.*—Where a company was made a party defendant by an intervening petition, and entered an appearance, though not served with summons, the fact that no answer was filed by such defendant will not control affirmative facts disclosed by the record which show that it was, in fact, a party to the action. p. 519.

5. APPEAL.—*Necessary Parties.*—The finding and conclusions of law are effective only so far as they are carried into the judgment, and only parties to the judgment are necessary parties on appeal. p. 519.

6. APPEAL.—*Necessary Parties.*—A judgment that intervener take nothing was a judgment against him and in favor of all the defendants to his action, and they were all necessary parties to his appeal. p. 519.

7. APPEAL.—*Necessary Parties.*—Where there was a judgment that an intervener take nothing by his action, but the judgment against him for costs was in favor of only part of the defendants, the judgment on the merits would control that for costs in determining who were necessary parties to an appeal, so that all defendants were necessary parties. p. 519.

8. APPEAL.—*Necessary Parties.—Defendants.*—Where intervener made a company a party defendant to his petition, he cannot on appeal urge that it was not a necessary party below, and, therefore, not a necessary party to an appeal. p. 520.

9. APPEAL.—*Dismissal.—Omission of Necessary Parties.*—Where a company, a defendant below and interested in maintaining the judgment in its favor, was not made a party to the appeal, the appellate court is without jurisdiction to disturb the judgment, and the appeal must be dismissed. p. 521.

From DeKalb Circuit Court; *Frank M. Powers,* Judge.

Action by the Savings Loan and Trust Company against the Auburn Creamery Company in which a receiver was appointed for defendant company. The receiver petitioned to sue or defend against W. W.

Spangler, who asserted ownership of lands claimed by defendant company, and Spangler intervened. From the judgment rendered, Spangler appeals. *Appeal dismissed.*

*P. V. Hoffman* and *Willis Rhoades,* for appellant.

*James E. Pomeroy, Isaac M. Zent, Link & Atkinson* and *Leonard, Rose & Zollars,* for appellees.

HOTTEL, P. J.—On August 8, 1913, the Savings Loan and Trust Company, a corporation engaged in the banking and trust company business, in the city of Auburn, Indiana, and hereinafter referred to as the "trust company," brought suit against the Auburn Creamery Company, a corporation, hereinafter referred to as the "creamery company," in which it sought to recover upon four notes and to foreclose a mortgage, given to secure the same by the latter to the former company, and also asking for the appointment of a receiver for the creamery company. On August 20, 1914, Michael Boland was appointed receiver, and the cause was continued as to the foreclosure proceeding.

On August 27, said receiver accepted said trust and filed his bond therein, which was approved by the court, whereupon said receiver filed a petition showing that the creamery plant, which had been operated by said creamery company, was abandoned, and asking an order of the court authorizing him to rent the same, which petition was granted and the receiver authorized to rent said plant until the further order of the court. On November 13, 1913, the receiver filed a petition, in which he showed to the court that the said creamery company was the owner of the real estate on which its said plant was located,

in DeKalb county, Indiana, describing it, the same being the real estate involved in said foreclosure suit. The petition also alleged that the receiver was in possession of said real estate; that one W. W. Spangler, the appellant, hereinafter referred to as "S," asserts title to and claims to be the owner in fee simple thereof, and has instituted an action in the DeKalb Circuit Court against said creamery company and said receiver to quiet title thereto; that the claims of S are unfounded, etc., and an order of said court is asked directing said receiver to institute action at law or suit in equity, either as an original action or as a cross-complaint in said action brought by S, as in the judgment of the receiver's counsel may be necessary, to quiet any title, legal or equitable, of the creamery company, and to enforce any claims which such company may have for specific performance of any contract with S.

This petition was examined and approved by the court. On January 26, 1914, appears the following entry of the proceedings had in the receivership proceedings, to wit: "Comes now William W. Spangler and files an intervening petition *making* the Savings, Loan and Trust Company, *Auburn Creamery Company* and Michael Boland its receiver and Isaac M. Zent, Thomas A. Carter and Simon Trovinger *parties and a summons is now ordered issued for all of said defendants except Michael Boland, Receiver of Auburn Creamery Company,* returnable on the first day of the March term, 1914, of this court. Which intervening petition is in these words as follows to wit:—"

This petition bears the title of the original action, viz., "Savings Loan & Trust Co. v. Auburn Creamery Company," and alleges that S, for his intervening

petition in said action, "*complains of the Auburn Creamery Company* and Michael Boland its receiver and says that your intervening petitioner is the owner in fee simple of" etc. (describing said real estate); that the creamery company, through its receiver, Michael Boland, is asking an order to sell said property for the purpose of paying the debts of such company, and thereby casting a cloud on the title of S; that the trust company is claiming to have a mortgage lien on said property executed by said creamery company; that such mortgage was not executed by the creamery company; that such company had no title to said real estate, either legal or equitable, at the time of or since the execution of said mortgage; that Isaac M. Zent, Thomas A. Carter and Simon Trovinger claim an interest in said property by virtue of a written contract between them and S, which contract is void because of their failure to comply with the terms thereof; that such contract casts a cloud upon the title of S; that the creamery company, through and by virtue of such contract claims to be the equitable owner of said property, which claim is unfounded, etc. Prayer that the receiver be enjoined and restrained from selling said property, or setting up any title to it or right or lien upon it, and that said * * * Trust Company, said * * * Zent, * * * Carter and *. * * Trovinger be made parties to this petition to answer concerning their interest in said property and for other proper relief.

The entry of March 3, 1914, shows an appearance to the petition of S by J. E. Pomeroy for Carter and Trovinger, service on Zent, and a default as to him, and the following further appearance: "Come now

Link and Atkinson and appear for the Savings Loan & Trust Company, *Auburn Creamery Company* and Receiver to the intervening petition of William Spangler."

Carter and Trovinger filed an answer in general denial and also a pleading designated an intervening cross-complaint, in which they allege that they and Zent, as trustees, own the equitable title to the real estate involved; that on April 21, 1909, they, as trustees, entered into a contract with S for the purchase of said real estate, which contract is set out and made part of said cross-complaint; that they took possession of said real estate under said contract and made valuable and lasting improvements thereon; that they are, and at all times have been, ready and willing to perform their part of said contract, and are entitled to a deed to said real estate; that S has refused and neglected to make such deed; that they are ready and willing to pay to S whatever sum the court may find to be due to him; that their codefendants, S, the trust company, and the creamery company by said receiver, are each claiming an interest in said land and asserting some title or lien adverse, etc., which are unfounded and without right. Prayer for judgment for cross-complainants, that their title be quieted as against all claims and liens of S, and against said codefendants, Savings Loan and Trust Company and the Auburn Creamery Company, by Michael Boland, receiver, that the court determine the amount due S from cross-complainants, and that, upon the payment of such sum, S be ordered to execute a deed to cross-complainants to said real estate, and upon his failure to do so, that a commissioner be appointed to execute such deed, etc.

S filed an answer to said cross-complaint, admitting its allegations in so far as they affect the rights of Trovinger, Carter and Zent, as trustees in said contract, and alleging his willingness to convey said property to said parties upon the payment of said purchase money, and denying that said "Auburn Creamery Co. or its receiver Michael Boland" or the trust company have any interest in said property. Michael Boland, receiver of the creamery company, and the trust company, each appeared to said cross-complaint of Trovinger and Carter, and filed an answer to such cross-complaint, and to the intervening petition of S.

Upon the motion of the receiver, the causes of action in said intervening petition of S, and said cross-complaint of Carter and Trovinger, were consolidated for the purposes of trial.

S, the receiver, and said cross-complainants each respectively asked for a special finding of facts and conclusions of law. Whereupon the cause was submitted to the court for trial, and after hearing the evidence, the court returned a special finding of facts.

This finding is lengthy, and is not necessary to our disposition of the appeal.

The conclusions of law are as follows: "1. That the intervening petitioner William W. Spangler has no title to or lien upon real estate described and set out in the findings of fact and *should not recover on his intervening petition herein.* 2. That the intervening petitioners Thomas A. Carter and Simon Trovinger have no title to or lien upon said real estate in controversy and set out, and should not recover upon their intervening petition herein. 3. That each of the intervening petitioners, *William W.*

*Spangler,* Thomas A. Carter, Simon Trovinger *should take nothing by their petitions and actions herein.* 4. That the Savings Loan & Trust Company, *The Auburn Creamery Company* and Michael Boland Receiver *should recover of said interveners* and petitioners *their costs,* made and taxed at .................. dollars.

The judgment is as follows: ";It is therefore considered, adjudged and decreed by the court upon the special findings of fact and conclusions of law, that the intervener, *William W. Spangler take nothing by his action herein* and that the Savings, Loan & Trust Company and Michael Boland, Receiver of Auburn Creamery Company recover of and from said intervener, William W. Spangler, their costs herein made and taxed at................dollars.

"It is further adjudged and decreed by the court that the defendants and cross interveners, Thomas A. Carter and Simon Trovinger take nothing by their cross-petition herein and that the defendants, Savings, Loan & Trust Company and Michael Boland, Receiver of Auburn Creamery Company, recover of and from said defendants and cross-interveners, Thomas A. Carter and Simon Trovinger their costs herein made and taxed at.............. dollars."

S alone appeals and makes the trust company, "Michael Boland, receiver of the Auburn Creamery Company," Carter, Trovinger and Zent, appellees. The Auburn Creamery Company is not made an appellee. The appeal is a vacation appeal, and it is suggested by those who are made appellees that such company is a necessary appellee and that appellant's failure to so include it in the assignment of errors deprives this court of jurisdiction of the appeal.

In answer to this objection, appellant insists in effect that appellees are in no position to urge it, and that, in any event, the Auburn Creamery Company was not a necessary party below, and was not in fact a party defendant, and, hence, not a necessary appellee.

Appellant's first contention is based on the fact that appellees filed a petition asking an extension of time in which to file their briefs, in which they 1. were required to, and did, say in effect that no motion to dismiss would be filed by them, and that their brief would be upon the merits of the case. By such petition, appellees waived their right to file any motion to dismiss, and so far as was within their power to do so, conferred upon this court the right to dispose of the appeal upon its merits. It was, however, beyond their power, by such petition and waiver, to confer upon this court jurisdiction of a party who was not before it, either as appellant or appellee. *Midland R. Co.* v. *St. Clair* (1895), 144 Ind. 363, 369, 42 N. E. 214.

This brings us to appellant's second contention, which has two phases, viz.: (1) That the creamery company was not a necessary party below, and, for this reason, not a necessary appellee; (2) that it was not in fact made a defendant below, and hence should not be made an appellee in this court.

First addressing ourselves to the second branch of this contention, it is true, as appellant insists, that, in determining who are parties to the judg- 2. ment appealed from, "the appellate tribunal will look through the record to the pleadings and if necessary to the summons." *Bozeman* v. *Cale* (1894), 139 Ind. 187, 35 N. E. 828; *City of Decatur* v. *Eady* (1914), (Ind. App.), 105 N. E. 590.

We are unable to see how appellant is benefited by this rule. The record entry of January 25, *supra,* showing the filing of appellant's petition, discloses that he made both the creamery company and the receiver thereof parties to his petition, and that summons was ordered for all defendants except said receiver. In his petition appellant complains of both the creamery company and its receiver, Michael Boland, and the record entry of March 3, quoted *supra,* shows an appearance by both the creamery company and such receiver. Conclusion of law No. 4, *supra,* is a conclusion in favor of both the creamery company and its said receiver, that they both "recover of said interveners and petitioners their costs." These affirmative facts, disclosed by the record, leave little ground for appellant's contention that the creamery company was made a defendant through its receiver alone.

Appellant attaches importance to the fact that no summons was asked or had upon the creamery company. This fact is consistent with his contention that *it was not his intention* to make the creamery company a defendant to his intervening petition, but it is inconsistent with the express averment of his petition, indicated *supra,* and with the record entries, *supra,* which expressly show that such company was made a party to such petition and appeared thereto. While it is true that this court, where necesary, will go back to the summons to ascertain who were the parties to the judgment below, there is no necessity to do so in this case, because the record shows an appearance to said petition by said creamery company.

Appellant also attaches some importance to the

fact that no answer was filed by the creamery company, it being insisted that this shows that the
4.   creamery company was not regarded as a party. While this fact may lend some support to appellant's contention, it cannot control said affirmative facts disclosed by the record.

"The voluntary submission of a cause for trial waives the failure to file pleadings forming an issue." *Hose* v. *Allwein* (1883), 91 Ind. 497, 501; *Farmers Loan, etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 254, 26 N. E. 784, 11 L. R. A. 740; *Purple* v. *Farrington* (1889), 119 Ind. 164, 169, 21 N. E. 543, 4 L. R. A. 535.

It is further contended by appellant that there is no judgment against the creamery company. It is
5.   true that the finding and conclusions of law are effective only so far as they are carried into the judgment, and that only parties to the judgment are necessary parties to the appeal.
6.   *Lowe v. Turpie* (1896), 147 Ind. 652, 692, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233, and cases there cited. In this case there is a judgment that S "take nothing by his action herein." This is necessarily a judgment against S, and in favor of all the defendants to his action, including the creamery company.

True, the judgment for costs against S is in favor of the trust company and the receiver of the cream-
7.   ery company alone, but this fact is not of controlling importance in determining who were parties to the judgment on the merits. The judgment for costs is merely incidental to the judgment on the merits, and instead of the former controlling the latter, it, the judgment for costs, is con-

trolled by and should follow the judgment on the merits. *Neyens* v. *Flesher* (1906), 39 Ind. App. 399, 403, 79 N. E. 1087, and cases there cited.

As to the first phase, *supra,* of appellant's contention, it is sufficient to say that it is not necessary that we should determine whether the creamery company was a necessary defendant to appellant's intervening petition. However, we cite the following authorities, as tending to throw some light on this question: *Kokomo St. R. Co.* v. *Pittsburgh, etc., R. Co.* (1900), 25 Ind. App. 335, 336, 58 N. E. 211; *McFarland* v. *Pierce* (1898), 151 Ind. 546, 45 N. E. 706, 47 N. E. 1; *Mueller* v. *Stinesville, etc., Stone Co.* (1899), 154 Ind. 230, 56 N. E. 222; *Durbin* v. *Northwestern Scraper Co.* (1905), 36 Ind. App. 123, 134, 73 N. E. 297; *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 666, 95 N. E. 275; *Pilliod* v. *Angola R., etc., Co.* (1910), 46 Ind. App. 719, 728, 729, 91 N. E. 829; *Northern Pacific, etc., Co.* v. *Heflin* (1897), 83 Fed. 93, 94, 27 C. C. A. 460; *Ohio, etc., R. Co.* v. *Nickless* (1880), 71 Ind. 271, 276; *Chemical Nat. Bank* v. *Hartford Deposit Co.* (1895), 161 U. S. 1, 16 Sup. Ct. 439, 40 L. Ed. 595; *Pringle* v. *Woolworth* (1882), 90 N. Y. 502, 510; *Johnson v. Southern, etc., Loan Assn.* (1899), (C. C.), 99 Fed. 646, 649; Thompson, Corporations §§6893-6903; 23 Am. and Eng. Ency. Law (2d ed.) 1041 *et seq.,* 1122 *et seq.*

The creamery company was, under the authorities cited, at least a proper party defendant, and in any event, in his petition, appellant included it as one of the parties complained of, and hence, is now in no position to be heard to say that it was not a proper party defendant thereto. *Clearspring Tp.* v. *Blough* (1909), 173 Ind. 15, 88 N. E. 511, 513, 89 N. E. 369.

The creamery company, being a defendant below,

and a party to and interested in maintaining the judgment appealed from, is a necessary appellee in this court, and the failure to make it such leaves this court without authority or jurisdiction to disturb such judgment as to it, and hence necessitates a dismissal of the appeal.

Assuming, however, that the court has jurisdiction to determine the appeal on its merits, the judgment below would have to be affirmed. Appellant, both in oral argument and in his brief, predicates his right to a reversal of the judgment below upon the ground that neither the findings nor the evidence shows that the· creamery company ever had either a legal or equitable title to the real estate in controversy. We are convinced that under the law applicable to the facts shown both by the finding and the evidence, the trial court was warranted in concluding that such company at least had the equitable title to the real estate involved. However, for the reasons already indicated, the appeal must be and is dismissed.

NOTE.—Reported in 114 N. E. 105.