BOSSTICK ET AL. *v.* BARNES ET AL.

[No. 14,879.   Filed May 19, 1933.]

74

*Amarine M. Wilson* and *John W. Lindley*, for appellants.

*William R. Nesbit* and *Charles D. Hunt*, for appellees.

CURTIS, C. J.—This was an action by the appellees against the appellants to establish a lost will of Emma A. Dudley and to have the said will probated. The issues were made upon the amended complaint of the appellees and an answer of general denial thereto.

The trial was before the court resulting in a general finding in favor of the appellees against all appellants and a judgment thereon and in accordance therewith. There was a motion for a new trial filed and overruled with exceptions to the appellants and this appeal prayed and granted. The appeal is a vacation appeal. The judgment was against all of the appellants and they are therefore co-parties within the meaning of sections 707 and 708 of Burns Revised Statutes of Indiana, 1926.

The appellees have filed a verified motion to dismiss this appeal supported by the affidavits of Clara Crow, Columbus F. Parks and William Parks, three of the above named appellants. These affidavits are controverted in part. They tend to establish the facts, that neither of said three appellants were ever represented by attorneys in the litigation and that none of them ever employed any attorney to appear therein for them, and that the said judgment was and is satis-

factory to each of them; that said Clara Crow testified in behalf of the appellees at the trial, and that none of them ever authorized anyone to appeal in their behalf from said judgment; that none of them had any knowledge that an appeal had been taken from said judgment until long after the record on appeal had been filed in this court and that no notice of any kind of said appeal has ever been served on any of said three appellants. The affidavits filed in opposition to the motion to dismiss controvert to some extent the statements in the affidavits filed with the motion to dismiss, but upon the controlling question as to whether the said three named appellants were satisfied with the judgment and did not desire to appeal and did not authorize anyone to appeal for them, and that they had no notice of any kind of such appeal, there is no dispute.

Section 707, Burns R. S., *supra,* provides for a vacation appeal by part of several co-parties and sets forth the method of serving notice on other co-parties who do not appeal. Section 708, Burns R. S., *supra,* provides among other things: "That when notice of such appeal is required to give the court jurisdiction over the appellees or co-parties not appealing, notice shall be served on such co-parties in the same manner as is now or may hereafter be required to be given appellees." Rule 36 of this court provides, among other things, that: "Where a case not appealed in term has been on the docket ninety days or more and there is no appearance by the appellee, and no steps have been taken to bring him into court, . . . the clerk shall enter an order dismissing the appeal." This case has been on the docket more than ninety days, and no steps have been taken to bring the said co-parties not appealing into court. These sections of the law and said rule are mandatory. They are not mere technical rules laid down by the legislature and the courts. The presence of co-

parties on appeal is absolutely essential to the determination of an appeal. Before there can be jurisdiction of said parties there must be notice to them as required by the statute. See *Sohl et al.* v. *Evans et al.* (1902), 29 Ind. App. 635, 62 N. E. 84; *Travelers Ins. Co.* v. *Yount* (1885), 98 Ind. 454; *Concannon* v. *Noble* (1884), 96 Ind. 326; *Shulties* v. *Keiser* (1884), 95 Ind. 159; *Hutts et al.* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. Rep. 412; *Midland Railway Co. et al.* v. *St. Clair* (1896), 144 Ind. 363, 42 N. E. 214; *Continental Ins. Co.* v. *Gue et al.* (1912), 51 Ind. App. 232, 98 N. E. 147. In the latter case the court said: "If all co-parties to the judgment below are not made appellants on appeal, there is no compliance with the requirements of the statute; and making any of said co-parties appellees is no better than not making them parties at all. . . . There can be but one appeal from the same judgment, and as all parties affected by the judgment have a right of appeal, the persons against whom the judgment is rendered must be made parties to the appeal as co-appellants; otherwise no jurisdiction is conferred on the appellate tribunal. . . . By the term 'co-parties,' . . . is meant co-parties to the judgment, or all the parties against whom the judgment is rendered." Numerous decisions to the same effect are cited in the above case. Since the above last mentioned case was decided, the act of 1925, Acts 1925, page 41, being Burns R. S. 1926, Sec. 708, changed the law so as to permit co-parties not appealing to be named in appeals either as appellants or as appellees, but the requirements as to notice to them has not been changed.

But the appellees have also, on the same day that they filed the motion to dismiss this appeal, filed their brief on the merits. This would amount to a waiver if they have the power to waive a failure of the appellants to bring before the court the neces-

sary parties to give it jurisdiction. They, however, have no such power. See *Midland Railway Company et al.* v. *St. Clair, supra.* If it should be granted that the appellees themselves are not in a position to insist upon a dismissal, due to the fact that they have entered a general appearance and filed briefs on the merits in the instant case, yet the court has ample power on its own motion to order the appeal dismissed where, as in this case, it conclusively appears that it does not have jurisdiction over all or some of the necessary parties, and this may be done even in the absence of a motion to dismiss. See Ewbanks Manual of Practice, Sec. 151, also the *City of South Bend et al.* v. *Thompson* (1898), 19 Ind. App. 19, 49 N. E. 38. The appellants' petition to amend briefs in other particulars is overruled.

For the reasons stated herein the appeal is dismissed on the court's own motion.

Appeal dismissed.

Bridwell, J., not participating.