BENJAMIN TURNER, plaintiff in error, *v.* SAMUEL BERRY, defendant in error.

### *Error to Morgan.*

All whose interests are to be affected by a decree should be made parties to a bill of review to reverse it.

A bill of review should recite, or give the substance of the record of the former suit. It is necessary to state all of the proceedings in the original cause, except the evidence on which the Court found the facts on which it proceeded to render a decree.

Upon a bill of review, the sufficiency of the evidence to establish the facts as found cannot be controverted. It is not of a misjudging of the facts that a party can complain, but for an improper determination of the law.

A motion for leave to file a supplemental bill, as well as an application to amend a bill, is ordinarily addressed to the discretion of the Court, with the exercise of which the appellate Court will seldom interfere.

BILL IN CHANCERY, &c. in the Morgan Circuit Court, filed by the plaintiff in error against the defendant in error, and heard before the Hon. Samuel D. Lockwood, at the October term 1846. The complainant offered to file a supplemental bill setting up additional facts, &c. Which bill was submitted to the inspection of the Court, and permission to file it was refused. The cause was then heard and the complainant's bill was dismissed.

The material portions of the bill, and other proceedings in the cause are set forth in the Opinion of the Court.

*W. Brown,* for the plaintiff in error.

*M. McConnell,* for the defendant in error.

The Opinion of the Court was delivered by

CATON, J.* Some question has been made as to the nature and character of this bill, yet I think it admits of no doubt that it is, although very imperfect, a bill of review; at any rate, it is nothing else. The bill commences with the statement of the commencement of a suit by Samuel Berry

---

* Justices THOMAS and DENNING did not sit in this case.

against Turner and wife, and the heirs at law of Garrison W. Berry, and then recites the decree in that cause, whereby Turner was decreed to pay to the complainant, the interest on $1400, at the rate of 12 per cent. per annum during the natural life of Berry, which said sum of $1400 was the purchase money of certain premises sold by Samuel Berry and G. W. Berry, deceased, which money, or the securities therefor, then being in the hands of Turner, as guardian of the heirs of G. W. Berry, who were entitled to the reversionary interest in the fund. The decree then prescribed the time and manner in which the said interest shall be paid to Berry. It then requires Turner to give a bond with one Bacon and John D. Turner, securities, in the penalty of $1400, conditioned for the payment of the said sums of money to Samuel Berry during his natural life. The decree then provides that in case Turner shall fail to give said bond, that Lucian Berry be appointed a receiver of the said fund of $1400 and interest due thereon as aforesaid, to whom the same, or the evidences thereof should be delivered, who should give bond, &c. conditioned for the payment of said interest, due the said Samuel Berry during his natural life, and of the principal to the said heirs or their guardian, at the decease of said Samuel Berry. Turner was decreed to pay one third of the costs, and the estate of Garrison W. Berry two thirds. The bill then states that Turner gave the bond with the security, according to the decree; that shortly after the rendition of the decree, the money was collected, and came into the hands of Turner, as guardian, who has in all respects complied with the decree, by making all of the payments to Samuel Berry as in said decree directed. The bill then complains that Turner is aggrieved by so much of the decree as requires him to pay interest on the $1400 at the rate of 12 per cent. per annum; and states that since the making of the decree, the Legislature has passed a law prohibiting the taking of more than six per cent. interest; and that at the time the decree was made, he did not know that the Legislature would pass such a law. The prayer of the bill is, that the Court "will open the decree aforesaid, and review

and reverse the same in so far as to relieve your orator from paying more than six per cent. interest upon said sum of $1400," and for general relief.

This bill has all of the peculiar characteristics of a bill of review for error apparent and for newly discovered evidence. For error apparent, because the Court was not authorized to make such a decree in the first instance; and for newly discovered evidence, because of the happening of an event since the rendition of the decree which changes the rights of the party. Story's Eq. Pl. § 415, note 3.

As a bill of review, the bill is, however, fatally and substantially defective: first, because all of the parties to the original decree, and whose interests are affected by the original decree, are not parties to his bill. The heirs of Garrison W. Berry should have been parties to this suit, the object of which is to open a decree which adjudicates upon their rights, by determining that they have a reversionary interest in a certain fund, the interest of which they are not to receive during the lifetime of Samuel Berry; and the administrator should have been made a party, because, by the original decree, two thirds of the costs of that suit are directed to be paid out of the estate of Garrison W. Berry. It is not only founded in reason, but well settled by authority, that all whose interests are affected by a decree should be parties to a bill of review to reverse it. Story's Eq. Pl. § 420; *Bank of United States* v. *White*, 8 Peters, 262–8. Although, by this bill of review, the Court is only asked to reverse the decree in part, yet the other parties whose interests are affected by the original decree might have a right to insist that the whole merits of the original cause should be inquired into.

There is another fatal defect in this bill, and that is, that it does not recite or give the substance of the record of the former suit. In speaking of the form of a bill of review, Mr. Justice Story, in his treatise on Equity Pleading, § 420, says: "In a bill of this nature, it is necessary to state the former bill, and the proceedings thereon; the decree, and the point in which the party exhibiting the bill of review

Turner *v.* Berry.

conceives himself aggrieved by it; and the ground of law, or matter discovered, upon which he seeks to impeach it." From the very nature of the proceeding, it is manifestly necessary to state all of the proceedings in the original cause, except the evidence on which the Court found the facts on which it proceeded to render a decree. Upon a bill of review, the sufficiency of the evidence to establish the facts, as found, cannot be controverted. It is not of a misjudging of the facts that a party can complain, but for an improper determination of the law. In the case of *Whiting* v. *The Bank of the United States,* 13 Peters, 6, the Court says: "*In England,* the decree always recites the substance of the bill, and answer, and pleadings, and also the facts on which the Court founds its decree. But in America, the decree does not ordinarily recite either the bill, or answer, or pleadings, and, generally, not the facts on which the decree is founded. But, with us, the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the record. And, therefore, in truth, the rule in each country is precisely the same in legal effect, although expressed in different language, viz: that the bill of review must be founded on some error apparent upon the bill, answer, and other pleadings, and decree; and that you are not at liberty to go into the evidence at large, in order to establish an objection to the decree founded on the supposed mistake of the Court in its own deductions from the evidence." See, also, *Grigg* v. *Gear,* decided at the last term of this Court, (*ante,* 2,) and *Perry* v. *Phillips,* 17 Vesey, 178.

The bill, then, was properly dismissed, for want of proper parties, and also for not containing sufficient averments to enable the Court to determine properly of the propriety of the former decree, and to apply the new facts averred to have arisen. I will not say, however, but this latter difficulty might have been got over by the aid of the defendant's answer, which "refers to the records and proceedings in said case, and adopts them as evidence in this case, and as a part of his answer." Had there been no other difficulty in the way, it is possible that the Court might have been authorized

by this to have looked into the original record, yet such loose-ness of practice and imperfect pleadings ought not to be encouraged.

But even by a bill of review properly framed, or on error, it is by no means clear that the complainant in this cause could get relief. Were not the original decree in the alternative, I should not hesitate to say, after looking into the original record, that there is manifest error. All that the complainant in that record asks, is the interest on the $1400 during his natural life. To this, we may conclude he was entitled; but he was only entitled to have the money put to the best interest that could be obtained for it, and had no right to insist that he should recover twelve per cent. at all events. Yet such is the decree, with this proviso however, that in case Turner should not give the bond as required by the decree, for the payment of twelve per cent. interest on the $1400, to Samuel Berry during his life, that then the fund should be taken out of his hands, and placed with a trustee appointed by the decree, who should collect the interest and pay it over to Berry. Of the right of the Court to enter up a decree as contained in this alternative provision, no one need doubt, and we can hardly find a war-rant for saying, that the Court erred in presenting a propo-sition to Turner, by complying with which he might retain the fund, although the Court might have had no right to force upon him the provisions contained in the proposition. Turner was told by this decree, that if he would pay twelve per cent. interest on this fund, and give a certain bond to secure the payment, he might retain this fund, otherwise he must deliver it over to the trustee. This proposition was voluntarily accepted by Turner, and the bond accordingly given. He chose to do this, rather than give up the fund. Had he taken the other alternative, there can be no doubt, that he never could have complained that the decree was wrong. How, then, shall he make the decree erroneous by choosing to accept and act under the other part of the de-cree, which of course he supposed at the time was most fa-vorable to himself? There would certainly seem to be an

impropriety in that. It would seem as if by accepting the proposition of the decree, he preferred himself to become a borrower of the fund, agreeing to pay the twelve per cent. interest, or at least that he was willing to become an insurer for that amount at all events, rather than part with the fund. I am free to admit that the question is not free from embarrassment, especially if the fact be as is alleged in the supplemental bill which the complainant in this cause offered to file, that Turner has been removed as guardian, and the fund finally taken from him by a competent tribunal.

It was urged upon the argument that the Court erred in not allowing the complainant to file this supplemental bill. That, as well as an application to amend a bill, is ordinarily addressed to the discretion of the Court below, with the exercise of which this Court will not interfere, although not universally so.

It was insisted upon the argument by the defendant's counsel, that the decree in the original cause was entered by consent. I cannot learn from the record that such was the case. Had it been so, that should have been pleaded to the bill of review, or at least set up and insisted on by the defendant in his answer. That would be a good plea as well to a bill of review as to a writ of error.

The decree of the Circuit Court must be affirmed with costs.

*Decree affirmed.*