May Term,
1855.

SLOAN
v.
WHITEMAN.

SLOAN and Others *v.* WHITEMAN.

To a bill of review, as a general rule, the same persons should be made parties who were parties to the proceeding sought to be reviewed; but they may be made complainants or defendants according to their interests in the matter to be reviewed.

*Tuesday,*
*June 12.*

ERROR to the *Fountain* Circuit Court.

DAVISON, J.—This was a bill of review, filed in the *Fountain* Circuit Court by *Jackson Whiteman* against *Joseph L. Sloan, John Hamilton, Mary Babb, Rose Thomas, George Thomas* and *Lucinda Thomas*, the said *Mary, Rose, George* and *Lucinda* being the heirs at law of one *William Thomas*, deceased. The object of the bill was to reverse a decree of said *Fountain* Circuit Court, rendered at its *September* term, 1838, in a suit then pending in that Court, wherein the said *Joseph L. Sloan* was complainant and *Jackson Whiteman*, the present complainant, and the said *William Thomas*, then in life, were defendants.

To the present bill there was a demurrer overruled, and a final decree given for the complainant below.

The only ground assumed in support of the demurrer is, that the heirs of *William Thomas* should have been made complainants, instead of defendants. We are not of that opinion. As a general rule, a bill of review ought to have the same parties that were to the proceeding sought to be reversed; that is, the same parties should be before the Court; but we think they may be brought into Court either as complainants or defendants, in accordance with their respective interests in the matter to be reviewed.

*Per Curiam.*—The decree is affirmed with costs.

*D. Mace* and *R. Jones*, for the plaintiffs.

*W. H. Mallory*, for the defendant.