## DOUGLAY *v.* DAVIS.

PARTIES.—*Review of Judgment.*—As a general rule, in a proceeding to review a judgment, the same parties, and all of them, should be before the court as in the original proceeding sought to be reviewed.

Douglay *v.* Davis.

From the Allen Circuit Court.

*L. M. Ninde,* for appellant.

*J. A. Fay, J. Morris,* and *W. H. Withers,* for appellee.

DOWNEY, C. J.—In 1856, Davis Cotes, administrator of the estate of R. Montgomery Davis, deceased, with the will annexed, commenced a suit in the Allen Circuit Court against William Lockhead, or the unknown heirs of William Lockhead, deceased, Catherine Davis, Arthur T. Davis, Theodore M. Davis, Gertrude M. Davis, Israel R. Whitney, Daniel R. Whitney, and Joseph Douglay, to enforce the execution and delivery of a deed for certain real estate, etc., and there was judgment for the plaintiff. On the 30th day of December, 1865, said Gertrude M. Davis filed her complaint in this action, making defendants thereto the said Davis Cotes, William Lockhead, the unknown heirs of William Lockhead, Catherine Davis, Arthur T. Davis, Theodore M. Davis, Israel R. Whitney, Daniel R. Whitney, and Joseph Douglay, to review the said judgment.

Upon service of summons on Joseph Douglay only, without notice of any kind to the other parties, the court rendered judgment reversing the former judgment. Among other errors, it is alleged by the appellant that the court erred in rendering judgment for the plaintiff below.

Counsel discuss very important and intricate questions, which are supposed to be involved in the case. But upon these questions the other parties to the action ought to have a chance to be heard, not only in this court, but also in the court below.

"As a general rule, a bill of review ought to have the same parties that were to the proceeding sought to be reversed; that is, the same parties should be before the court," etc. *Sloan* v. *Whiteman,* 6 Ind. 434. The necessary parties were made in this case, but the record shows that none of them, except the appellant, were brought before the court. We think that, without deciding the questions discussed by counsel, the judgment ought to be reversed, that the other parties may be notified and have an opportunity to be heard.

The judgment is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

WORDEN, J., was absent.

Opinion filed November term, 1873; petition for a rehearing overruled May term, 1874.

