## McCAULEY & Co. vs. Six et al.

1. PRACTICE IN EQUITY: *Parties, where title to land involved.*
   Upon the death of a defendant in a suit in equity for land, his heirs must be made parties, before the question of title can be determined. If this is not done, the complaint should be dismissed without prejudice.

APPEAL from *Independence* Circuit Court in Chancery.
Hon. WILLIAM BYERS, Circuit Judge.
*Coody*, for appellant.

HARRISON, J. This was a complaint in equity filed by the appellants against Marcus D. L. Six and Robert Rushing, the substance of which was, that the defendant, Six, on the fifth day of March, 1874, executed to the plaintiffs a mortgage on the southwest quarter of section 25, in township 12, north, of range 6, west, to secure the payment of his note to them of that date, for $600, payable nine months thereafter, and bearing after maturity ten per cent. interest, which, then past due, was unpaid; that Six acquired title to the land by a donation deed from the auditor, the fifth day of November, 1872, and he had complied with the condition upon which the grant was made, by clearing and fencing five acres, and putting the same in readiness for cultivation within eighteen months

from the date of the deed; and he filed a certificate of a justice of the peace of a township adjoining that in which the land was situated, of his having made the improvement, with the auditor, on the twelfth day of March, 1874; that after the execution of the deed to Six, the defendant, Rushing, falsely claiming to have been at the time of the donation the owner of an improvement thereon, made application to the auditor to purchase the land, as again forfeited to the state, by Six failing to pay him double the value of his improvement, which the auditor allowed him to do, and executed to him also, a deed for the land; and that Rushing had since entered upon the land and dispossessed Six, and was then the occupant thereof. Prayer that the deed to Rushing be set aside and cancelled, and for a foreclosure of the mortgage and a sale of the land.

Six made no defense. Rushing answered the complaint. He was, he said, at the time of the donation to Six, the owner of an improvement on the land, and that Six did not, within three months from the date of his deed, pay him double the value thereof; and that by failing to do so, he forfeited to the state all his right to the land; that after such forfeiture, he, said Rushing, filed with the auditor his affidavit, stating the fact that he owned an improvement on the land at the time it was donated to Six, and that Six had not paid or tendered him double the value of the same, and applied to purchase the land; and having paid to the state all the arrearages of taxes charged thereon, the auditor, on the twenty-fourth day of September, 1874, sold the land to him, and executed to him a deed therefor. He admitted, that he had entered into possession and was then the occupant of the land, and denied that Six had any title or valid claim to it.

After having answered, Rushing died; and on application of the plaintiffs the cause was revived against Enoch D. Rushing, his administrator; but his heirs were not made parties.

The cause was heard upon the pleadings, as stated, and depositions in the case. The court dismissed the complaint.

No statement of the evidence is necessary. As the heirs of Rushing were not made parties, there could be no determination of the question of title; but the complaint should not have been dismissed absolutely, but without prejudice.

The decree is reversed, and the cause remanded, with instruction to permit the plaintiffs to make the heirs of Rushing defendants, if they should elect to do so; if they do not, to dismiss the complaint without prejudice.