Filed June 21, 1884.

---

No. 10,694.

CONCANNON ET AL. *v.* NOBLE.

PARTIES.—*Judgment, Review of.*—Where a judgment is sought to be reviewed in the court below, all parties to the original action affected thereby must be brought into court.

From the Laporte Circuit Court.

*S. E. Williams, J. Crumpacker, A. C. Harris* and *W. H. Calkins,* for appellants.

*W. E. Higgins* and *G. R. Chaney,* for appellee.

Concannon *et al. v.* Noble.

ELLIOTT, C. J.—An action was brought by the appellee against the appellants and George Sykes, and a judgment was rendered against all of the defendants in that action. The complaint in the present case seeks a review of that judgment, and the suit is prosecuted by the appellants alone. Their co-defendant in the former action is not made a party to the present suit, either as plaintiff or defendant. The complaint was attacked in the court below upon the ground, among others, that there was a defect of parties, and this point is vigorously pressed in this court.

The general rule unquestionably is, that all who were parties to the original action must be brought before the court on a bill to review. If they will not join as plaintiffs they may be brought in as defendants. *Sloan* v. *Whiteman*, 6 Ind. 434; *Douglay* v. *Davis*, 45 Ind. 493; *Burns* v. *Singer, etc., Co.*, 87 Ind. 541; Story Eq. Pl. 535; Mitford Eq. Pl. 89. The rule that all the parties should be brought before the court where a judgment is sought to be reversed on appeal, or reviewed and vacated by the court which rendered it, is not a technical rule, but is an important one substantially affecting the rights of the litigants. It is sometimes quite as important to one of several defendants as it is to the plaintiff, that the judgment should remain undisturbed, and in order that all may be heard it is proper and necessary that all the original parties should be brought into court on a bill to review. In *Hunderlock* v. *Dundee, etc., Co.*, 88 Ind. 139, the reasons supporting the rule that all parties must be before the court in cases of this character are very forcibly stated, and we do not think it necessary to again discuss the subject.

Judgment affirmed.

Filed June 20, 1884.