Bozeman *et al. v.* Cale *et al.*

Filed Nov. 22, 1894.

———————◆———————

No. 16,326.

BOZEMAN ET AL. *v.* CALE ET AL.

SUPREME COURT PRACTICE.—*Appeal.*—*Parties to Judgment.*—*How Ascertained.*—In order to ascertain who the parties are to a judgment appealed from, the appellate tribunal will look through the record to the pleadings, and, if necessary, to the summons.

APPEAL.—*Dismissal.*—*Defect of Parties.*—*Jurisdiction.*—Where parties to the judgment appealed from have not been made parties to the appeal by the assignment of errors and service of notice, complete jurisdiction has not been conferred on the appellate tribunal, and the appeal will be dismissed.

SAME.—*When Not Perfected.*—*Defect of Parties.*—Without notice to, or appearance by, all the parties to the judgment, the appeal remains unperfected, and all the parties to the judgment appealed from are not before the court; and the cause can not be heard on its merits.

From the Vanderburgh Superior Court.

*G. V. Menzies, A. Gilchrist, C. A. DeBruler, B. K. Elliott* and *W. F. Elliott,* for appellants.

*J. E. McCullough, J. H. Miller* and *W. P. Edson,* for appellees.

DAILEY, J.—This was an action brought by the ap-

pellee James Cale and thirty-nine others named in the amended complaint, against the appellant Bozeman, as contractor, and the auditor and treasurer of Posey county, to restrain the collection of certain assessments for the construction of a ditch under the drainage act of 1875.

The suit was commenced in the Posey Circuit Court on the 21st day of May, 1886. A change of venue was afterward taken to the Vanderburgh Superior Court, where, on November 25, 1890, the cause was submitted to the court for trial, and the court found and adjudged that the defendants (appellants herein) be perpetually enjoined from collecting any of said assessments.

The appellants moved in arrest of judgment, and filed their motion and written reasons for a new trial, which motions were severally overruled, and they prosecute this appeal.

On March 1, 1893, James Cale, James G. Nesbit and Joseph Cale, of appellees in this cause, moved the court to dismiss the appeal of the appellants herein, and specified several causes, among which are, that the assignment of errors does not contain the names of the necessary parties; that the appeal herein was not taken within one year from the time the judgment from which it is prosecuted was rendered; that before the submission of the cause in this court, to wit, on the 29th day of January, 1892, the appellants herein filed their motion in this court to dismiss this appeal as to the appellees John Walker, James Redman and Moses Yeager, which motion was, on February 2, 1892, sustained by this court, and said appeal dismissed as to said appellees; that said appellees were parties plaintiff to the judgment from which this appeal is prosecuted, and necessary parties to the appeal, but neither they nor any representative or substitute for them were parties to this appeal at the time of the submission of the cause in this court, or at any

time since; that Andrew J. Wasem, treasurer of Posey county, is a coparty of the appellants in the judgment from which this appeal is taken, and no notice has been served upon him, nor has he joined in this appeal, nor was this appeal taken at the time at which said judgment was rendered.

An examination of the record discloses that among the parties plaintiff to the judgment, from which this appeal is prosecuted, are John C. Cox, Elizabeth Benson, Jesse Kimball, George Meadows, James T. Alcorn, George W. Johnson, Marvel Knowles, Thomas Brown, James Drake, Hannah Christy and Charles Christy. They were all parties plaintiff in both paragraphs of the amended complaint, their names are all set out in the title of both paragraphs, but are not named in the assignment of errors.

The finding or decision of the court upon the issue tried was in favor of all the plaintiffs. The final judgment is in favor of the plaintiffs and all of them, without exception, and this is also true as to the judgment for costs.

We think we must look to the complaint in the cause and the subsequent steps taken as shown by the record, to ascertain who are the parties plaintiff in this action. An examination of the record does not disclose that any of the parties above named ceased to be parties to the action by dismissal or otherwise.

The clerk's omission of the names of any of the plaintiffs from the title to the entry in the order-book does not eliminate the parties whose names are left out, from the cause. On the contrary, upon appeal, in order to ascertain who are the parties to the judgment appealed from, the court will look through the record to the pleadings, and, if necessary, to the summons.

Written dismissals were filed by several of the parties

plaintiff in the lower court, and in this court the appeal was dismissed as to appellees John Walker, James Redman and Moses Yeager, but none of the parties embraced in appellees' motion were affected by these judgments of dismissal. Appellants having failed to make said Cox, Benson, Kimball, Meadows, Alcorn, Johnson, Knowles, Brown, Drake, Christy and Christy parties to the appeal, by the assignment of error and the service of notice, we will have to apply the elementary rule in appellate proceedings that all the parties to, and affected by, the judgment appealed from, must be actually or constructively included in the appeal, upon the principle that those only before the Appellate Court are bound by the appeal, and hence that the inclusion of all the parties to the judgment appealed from is necessary to confer complete jurisdiction upon the latter court. *Hunderlock* v. *Dundee, etc., Co.*, 88 Ind. 139; *Concannon* v. *Noble*, 96 Ind. 326; *Burns* v. *Singer Mfg. Co.*, 87 Ind. 541; *Douglay* v. *Davis*, 45 Ind. 493; *Sloan* v. *Whiteman*, 6 Ind. 434; Elliott's App. Proced., section 138; Buskirk's Pr., 50, 121.

Without notice to, or appearance by, all the parties to the judgment, this appeal remains unperfected, and all the parties to the judgment appealed from are not before this court. The cause is not, therefore, in a condition to be heard by us on its merits. *State, ex rel.*, v. *East*, 88 Ind. 602; Elliott's App. Proced., section 522.

"The transcript is the source from which appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties before them, as well as the source from which they derive their knowledge of the questions upon which it is their duty to pronounce judgment." Elliott's App. Proced., section 186.

"It is the duty of a party who asks an appellate tribunal to reverse the judgment of the trial court to bring

to the higher court 'a perfect record.'" *Collins* v. *United States Expr. Co.*, 27 Ind. 11; *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Morningstar* v. *Musser*, 129 Ind. 470.

"The record, as embodied in a properly prepared and duly authenticated transcript, imports absolute verity." *Walls* v. *Anderson, etc., R. R. Co.*, 60 Ind. 56; *Meredith* v. *Lackey*, 14 Ind. 529; *Beavers* v. *State*, 58 Ind. 530; *Thames Loan, etc., Co.* v. *Beville*, 100 Ind. 309.

And can not be aided, varied, or contradicted by extrinsic evidence. *Wishmier* v. *State, ex rel.*, 110 Ind. 523; *Justice* v. *Justice*, 115 Ind. 201; *Louisville, etc., R. W. Co.* v. *Boland,* 70 Ind. 595; *Du Souchet* v. *Dutcher*, 113 Ind. 249; *Evans* v. *Schafer*, 88 Ind. 92.

In *Snyder, Mayor*, v. *State, ex rel.*, 124 Ind. 335, this court said: "The assignment of errors is the appellant's complaint, and it must contain the names of the parties to the cause of action in full."

The motion to dismiss must be sustained.

Appeal dismissed.

Filed Dec. 13, 1893; petition to reinstate overruled Nov. 15, 1894.