STATE FAIR ASSOCIATION v. TERRY.

74  149
188  353

Opinion delivered February 4, 1905.

1. BILL OF REVIEW—LEAVE TO FILE.—A bill to review errors of law apparent upon the face of the record may be filed without leave first had and obtained; but if it is to review findings in the light of newly discovered evidence, leave must first be had, the granting of which is in the sound discretion of the court. (Page 156.)

2. GUARDIAN—DEATH OF A WARD—POWERS.—Upon the death of a ward, the powers of the guardian are at end, except the power to make settlement of his trust in the probate court. (Page 157.)

3. BILL OF REVIEW—PARTIES.—All the necessary parties to a judgment sought to be reviewed must be parties to the bill of review, and if they are dead their representatives must be parties; if the subject matter involved is personalty, the executor or administrator must be a party; if realty, the heirs or devisees. (Page 157.)

4. PARTIES—HEIRS.—Upon the death of a defendant the title to his real estate passes at once to his heirs, who are necessary parties to any suit wherein such title is involved; and the court should, of its own motion, refuse to proceed till they are brought in. (Page 157.)

5. BILL OF REVIEW—LEAVE TO FILE.—Leave to file a bill to review a decree adjudging title to land for vices not apparent on the record was properly refused where the only notice given was to the guardian and administrator of the deceased party, in whom the title had been adjudged to be, instead of to his heirs. (Page 158.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

On the 12th of February, 1894, the State Fair Association, hereinafter called the Association, filed its complaint in the Pulaski Chancery Court against Joseph Townsend and W. J. Terry, his guardian, Sarah Townsend, legatee of Miles Q. Townsend, deceased, C. F. Penzel, W. B. Worthen, the Little Rock Jockey Club and the Southern Cotton Oil Company.

The object of the suit was the redemption of certain real estate, known as the "Fair Grounds." In 1882 the Association had executed to Chas, F. Penzel, one of the defendants, a deed of trust on this realty to secure an issue of $15,000 of bonds. The bonds were negotiable bonds running ten years, with the usual clause in the face of the bonds and in the deed of trust for declaring all due in case of default in interest, and power was given the trustee to foreclose on default.

The complaint alleged that M. Q. Townsend, father of Joseph Townsend, and James H. Hornibrook, as partners under style of Hornibrook & Townsend, were owners of certain of the bonds, and, default being made in the conditions thereof and of the deed of trust, exercised their right of sale under the trust deed, and undertook to make a sale of the realty, and under the sale went into possession of it. That the sale was void, and that purchasers were in possession as mortgagees, and the Association had a right to redeem. It further alleged that the bonds were outstanding and in possession of some persons to the Association unknown, but it was informed and believed that Joseph Townsend and Sarah Townsend have or claim some right of interest therein as legatees of the late M. Q. Townsend, and the defendant Worthen had the custody and control of some of the bonds. The prayer was to the effect that the defendants be required to answer and file their bonds for inspection, that the amount due from the Association be ascertained in order to enable it to pay the same into court and redeem the property from the mortgage deed; also that the defendants Jockey Club and Oil Company be required

to answer, and show by what right and title they and each of them held certain parts of the property.

This suit proceeded to judgment on the 22d day of July, 1896, when it was decreed that the Association had the right to redeem the property from the lien of the deed of trust to Penzel by the payment of such sums as may be necessary to discharge the costs and the amounts equitably due on the bonds to the proper use of those to whom it may properly be decreed that such sums equitably belong.

A master was appointed to state an account between the Townsend interests and the Association, arising out of the use, rents and occupancy of the property by the Townsends, and to ascertain the whereabouts or disposition made of the bonds issued by the Association, and who owed them; and ample authority was given him to take testimony to develop the various matters submitted to him.

Further proceedings were had in the suit, which culminated in a final decree on the 4th of November, 1897, wherein the court decreed that the Association pay to W. J. Terry, guardian of Joseph Townsend, within ninety days, the sum of $9,232.02, with interest, which sum was the amount due Townsend, after an accounting of the rents, etc., upon $7,400 face value of the original bonds, which were produced in court. That the Association pay into the registry of the court within ninety days the sum of $18,480.69, the amount which is found and reported by the master to be due Joseph Townsend for principal and interest on the full value of $7,600 of bonds, therein designated by number, which were not produced by the defendants, or any of them, and not shown to be in their present control; which sum was ordered to remain in the registry of court subject to such further orders as may be just, proper and equitable. It was further ordered that, if the Association failed to pay these sums within the time given, the complaint be dismissed; and before such payment the mortgage lien be discharged and possession given the Association; and the cause was retained for such further orders as might be necessary for the enforcement of the decree. On the 9th day of February, 1898, after the expiration of the ninety days, the defendants made a showing to the court that neither the amount ordered paid Terry as guardian, nor the amount ordered paid into court in order to redeem, had been paid; and the

court, finding this to be true, adjudged the dismissal of the action to redeem at the costs of the Association. The Association appealed from the final decree, and on the 6th of April, 1901, the cause was abated, and appeal dismissed in the Supreme Court because proper steps had not been taken to revive the cause,, within the time prescribed by law, against the representatives of Joseph Townsend, who had died after the said decree was rendered. On the 23d of May, 1902, the Association filed a petition for leave to file a bill of review of the final decree of November 4, 1897, and on the 27th of June, 1902, filed an amended petition for leave to file a bill of review. The chancellor refused leave to file the bill of review, and from the order of court denying the petition to file the bill of review the Association prosecuted this appeal.

The amended petition for leave to file the bill of review embodied the allegations of the bill, which was tendered, and was supported by affidavits. The substance, omitting a recital of the former proceedings, was: That, pending the appeal, Joseph Townsend died intestate, leaving his mother and several half brothers and sisters surviving him, as was discovered long afterward, but whose whereabouts were unknown to the Association, and were not discovered by the Association in time to revive the suit against them in the Supreme Court and make them parties thereto; that when their residence and names were ascertained, it was too late to revive the suit against them, and without fault the Association was deprived of an opportunity to have the errors alleged to have been in the decree corrected. (The alleged errors were of law arising from the facts in evidence, and not errors of law apparent on the face of the proceedings.) The petition then proceeds to allege that at the time of the rendition of the decree the sum for the "missing bonds," as they are denominated in these proceedings, representing the $18,480.69 ordered paid into the registry of the court, was the property of other persons, and not of Joseph Townsend, and that fact was known, or ought to have been known, to Townsend and Terry, his guardian, and was unknown to the Association, although it, and the master of the court, had exercised diligence in trying to ascertain the true ownership and location of said "missing bonds." That recently, and within six months, the Association had discovered new evidence by which it is able to prove that, at the time said

decree was made, the missing bonds were not owned by the
estate of M. Q. Townsend, nor any of the legatees of Town-
send, nor any of the defendants in the suit; that it is able to
prove that the said bonds are in the possession of Geraldine H.
Miller, claiming to own them in opposition to the claims of the
Townsends, and that she had begun suit upon them, and to fore-
close the mortgage, and in her bill swears she is the owner
of them. That it was able to have paid the $9,232.02 decreed
as belonging to Joseph Townsend, but was unable to pay within
ninety days the additional sum into the registry of the court
for Joseph Townsend of $18,480.69, and that so much of that
decree, as shown by this newly discovered evidence, was unjust
and onerous, and would not have been made, had this evidence
been before the court. That the parties owning said bonds were
not parties to the suit, and the payment of that sum into the
registry of the court would not have relieved the property from
the mortgage, and that the Association was then unable to comply
with the unjust decree as to the missing bonds, but was then and
now ready to comply with it, so far as the terms apply to the
bonds actually produced by Joseph Townsend. The petition
further showed that the missing bonds in the hands of any other
persons than the Townsends were barred by the statute of limita-
tions, and the court erred in not so holding in the decree, and
it was deprived of that defense, and this newly discovered evi-
dence would have made it a complete defense to the decree based
upon them.

The petition also contains this allegation: "and the plaintiff
be now permitted to pay into court $9,232.02, and the interest
thereon, less the reasonable rents and profits of the premises,
which have been and now are in possession of W. J. Terry, as
administrator of Joe Townsend, who departed this life since said
decree was made." The amended petition (the one rested on)
prayed leave to file the bill of review to review and set aside so
much of the decree described, "and decreed that said Terry, as
guardian, was the owner of the sum found due on the missing
bond," etc. This petition has this style: "State Fair Association
of Arkansas, Plaintiff, *v.* Joseph Townsend et al., Defendants."
The tendered bill of review has the same style; the defendants are
not designated other than the proceedings of the former suit are

fully set out, which, of course, describes the defendants therein. The prayer of the petition in the tendered bill of review, in substance, after the reversal of the former decree, is: that it be put into possession of the land, on paying W. J. Terry, as administrator of Joe Townsend, or such person or persons as may be entitled thereto, or into the registry of this court, the sum of money found to be due from it to W. J. Terry as guardian on the bonds produced in court by him," and that the decree as to the missing bonds be annulled, and general relief.

The only notice shown in the record to have been given any one of this petition to file the bill was one given to W. J. Terry, in which he was in writing notified by the solicitor of the Association that he had filed an application for leave to file a bill of review in case of "State Fair Association v. W. J. Terry, Guardian, et al.," and giving the date when it could be called in court.

Terry filed a response and counter affidavits. As the case is disposed of upon questions arising upon the face of the petition and bill, it is not necessary to state the facts presented in opposition to the filing thereof.

*P. C. Dooley,* for appellant.

Courts of equity have power, on bill for review, to correct and amend decrees, so that substantial justice may be done in the light of newly discovered evidence which could not have been produced at the original hearing. Mitf. & Tyler, Eq. Pl. & Pr. 182; 60 Ark. 453; 13 Pet. 14; 3 Pa. Chy. 371; Story, Eq. Pl. & Pr. § 407; 8 How. 600; 26 Ark. 600; 2 Beach, Mod. Eq. Jur. § 862; 47 Ark. 30; 55 Ark. 22; 3 Pa. Ch. 204; 3 Johns. Chy. 124; 14 Wall. 279; 1 Vern. 416; 1 Ves. 430; 16 Ves. 348. Such a bill may be filed, as a matter of right, with or without leave. 55 Ark. 22; Sand. & H. Dig. § 5839; 2 Dan. Chy. Pl. & Pr. 1584. 1630-2; Story, Eq. Pl. & Pr. § § 427, 404. *Cf.* also 66 Barb. 279; 23 Barb. 235; 45 N. Y. 649; 79 N. Y. 467; 27 Barb. 501; 30 Barb. 228; 45 N. Y. 587. In this case the petition and the bill each show a cause entitling the plaintiff to relief. As to when a judgment will be vacated for surprise, see: 12 Fla. 185; 8 Gill & J. 170; 5 Lea, 677; 5 Gratt. 647. As to when relief will be decreed for mistake of fact, see: 70 Fed. 526; 20 Cal. 110; 132

Ind. 500; 34 Ind. 517; 31 Ore. 553; 43 Ga. 180; 1 Bland, 333; 50 Mo. 17. When in cases of accident or surprise, see: 38 Ark. 283; 61 Ark. 341; 35 Ark. 126; 40 Ark. 55; Mitf. & Tyler, Eq. Pl. 224; 1 Cas. Chy. 43; 1 Story, Eq. Jur. § 78; 14 N. J. L. 353. The dismissal of the bill to redeem simply left the parties where they were before. 6 Ired. 97. The original decree in this case should not be allowed to stand, because the result of it is to bind the plaintiff, and not the other bondholders. 13 Fed. 922; 28 Gratt. 138; 36 W. Va. 138. This is a case where the filing of the bill was a matter of right for the further reason that the court erred in making its decree extend to those bonds not owned or produced by Townsend, and to which no issue was tendered. Story, Eq. Pl. 42; Mitf. Eq. Pl. 38; 2 Pa. Ch. 296; 2 Eng. 535; Dan. Ch. Pr. 437. The fact that appellant took an appeal from the former decree is no bar to relief on a bill for review, showing being made here which properly entitles plaintiff to relief from the original decree. 70 Fed. 520; 125 U. S. 1; 99 Ala. 459; Story, Eq. Jur. 436; 1 Cas. Chy. 61; 2 Bligh, Pl. C. 566; 1 Cas. Chy. 231; 2 Bligh, Pl. C. 164.

*Ashley Cockrill* and *W. L. Terry,* for appellee.

The order of court of November 4 retained control of the cause for ninety days. 69 Ark. 216. Appellant was not entitled to the relief sought. 67 Ala. 192; 69 Ala. 65; 68 Ala. 420. He must first have obtained leave of court to file the bill of review, upon making a proper showing. 33 Ark. 113; 36 Ark. 538; Dan. Ch. Pr. 1578; 60 Ark. 456; Beach, Eq. Pr. 868; 3 Enc. Pl. & Pr. 587; 104 U. S. 126; 67 Tenn. 237; 18 Gratt. 364; 20 S. E. 899; 3 Walk. 185; 3 Md. Ch. 306; 29 N. J. Eq. 238; 3 Paige, 204; 10 W. Va. 298; 28 So. 861; 123 Fed. 91; 45 W. Va. 155; 183 Ill. 132; 49 Miss. 782; 116 Mich. 634; 5 Mason, 303; 2 Tenn. Ch. 85; 100 U. S. 107; 10 Wheat. 146; 9 Wall. 805; 2 Dan. Pr. 1577; Story, Eq. Pl. § 417; Beach, Mod. Eq. Pr. § 867. The granting of the relief rested in the sound discretion of the court. 3 McLean, 41; 5 Mason, 303; 51 Ala. 301; 1 Md. Ch. 455; 1 Head, 460; 8 W. Va. 174; 32 W. Va. 335; 10 Ala. 661; 1 Fla. 539; 93 Mich. 314; 164 Ill. 630; 59 N. E. 673; 53 N. W. 525. Appellant was guilty of laches. Story, Eq. Pl. § 419; 135 U. S. 208; 65 Mich. 154; 47 Ark. 17; 55 Ark. 22; 60 Ark. 453. The

rights of innocent parties had intervened, and the bill was properly denied. 3 Enc. Pl. & Pr. 589; 3 Tenn. Ch. 211; 10 Ala. 661; 51 Ala. 301; 5 Sneed, 100; 59 Fed. 808. Appellant's bill and petition fail to show that it was entitled to the relief asked. Beach, Mod. Eq. Pr. § 873; 6 Heisk. 79; 8 Peters, 262; 13 Pet. 6; 27 Miss. 412; 35 So. 199; 96 Ind. 326; 51 Fed. 7·2; 6 Ind. 434; 40 Mich. 166; 14 L. R. A. 568; 80 Ala. 154; 9 Pet. 711; 90 Mo. 299; 76 Ga. 337; 29 So. 855; 63 S. W. 218; Beach, Eq. 874; 9 B. Mon. 228; 82 Ill. 114; 89 W. Va. 885; 79 Ala. 319; 29 So. 856; 33 W. Va. 426; 16 Fed. 900; 37 Ark. 348; 10 Ark. 556; 17 Ark. 404; 58 Ky. 602; 75 Va. 756; 32 Pa. St. 318; 70 Pa. St. 410; 82 Ill. 114; 3 Dan. Pr. 1727; 75 Va. 563; 40 Fed. 556; 23 Ark. 528; 29 Ark. 62; 2 Ark. 33, 133, 346; 5 Ark. 256, 403; 10 Ark. 556; 17 Ark. 96; 30 Ark. 723; 77 Va. 600; 26 Ark. 600; 60 Ark. 453; 11 Ark. 671; 36 Ark. 539; 16 Ark. 182; 52 Ark. 120; 60 Ark. 481; 40 Ill. 290; 138 Ill. 195; 145 Ill. 433; 95 U. S. 391; 106 Mass. 521. Appellant is barred by laches. 33 Ark. 165; Cooper, Eq. 91; Story, Eq. 410; 17 Ohio, 170; 10 Wheat. 146; 41 Cal. 318; 39 Fed. 680; 81 Tex. 53. The newly discovered evidence was merely cumulative. 39 Ala. 409; 122 Ill. 286; 28 Ia. 497; 27 Miss. 798; 48 Tenn. 754; 89 Va. 885; 55 N. E. 672; 136 U. S. 629; 6 Vt. 177. The decree of the court is not prejudicial to appellant. 23 Ark. 493; 52 Ark. 211; 37 Ark. 348; 25 W. Va. 208; 29 So. 855; 3 Enc. Pl. & Pr. 585; 19 Am. Cent. Dig. § 1097; 16 Ark. 175; 49 Ark. 416.

HILL, C. J., (after stating the facts.) Bill of review may be filed without leave first had and obtained when it is to review errors of law apparent upon the face of the record; but where it is to review the finding by reason of newly discovered evidence, leave must first be had. *Jacks* v. *Adair,* 33 Ark. 173; *Webster* v. *Diamond,* 36 Ark. 538; *Wood* v. *Wood,* 59 Ark. 441; *Bartlett* v. *Gregory,* 60 Ark. 453.

It is in the sound discretion of the court to grant leave to file a bill of review. 2 Beach, Mod. Equity, § 867. Whether the chancellor can look beyond the petition and supporting affidavits is elaborately argued at bar. It is not necessary to go into that question, because the petition incorporates the allegations of the bill, and refers to the tendered bill for examination, and facts are derived from the petition and bill itself which render the action of court in refusing leave to file it proper.

The petition shows that Joseph Townsend died after the decree, intestate, leaving a mother and half sister and brothers as his heirs at law, and that their names and residence were then unknown to the petitioner.   None of the original parties to the bill are made parties to the petition or bill of review except W. J. Terry, guardian of Joseph Townsend.   Terry is described therein as now being in possession of the lands in controversy as administrator of Joseph Townsend, but there are not even proper allegations to show a due appointment of him as administrator. The relief sought is the recovery of the real estate upon payment to Terry as administrator or such person or persons as may be entitled thereto of the amount due as found in the original decree for the bonds presented with interest, less the rents and profits of the real estate.   Terry, as guardian of a deceased person, represented no one.   The guardianship terminated upon the death of Joseph Townsend, and Terry's sole duty as such guardian then consisted in making proper settlement of his trust in the probate court.   *Price* v. *Peterson,* 38 Ark. 494; Rodgers on Domestic Relations, § 942.

It is thoroughly settled that all the necessary parties to the judgment sought to be reviewed must be parties to the bill of review; and if they are dead, their representatives must be parties. Story's Equity. Plead. § 420; 2 Beach, Mod. Eq. Pr. § 873; *Turner* v. *Berry,* 8 Ill. 541; *Frily* v. *Hendricks,* 27 Mass. 412; *Cincannon* v. *Noble,* 96 Ind. 326; *Sloan* v. *Whiteman,* 6 Ind. 434; *Barber* v. *Armistead,* 35 So. Rep. 199; *Bank of U. S.* v. *White,* 8 Peters, 262; *Ralston* v. *Sharon,* 51 Fed. Rep. 702; *Fuller* v. *McFarland,* 6 Heisk. 79.

The term "legal representatives" will mean the *executor* or *administrator,* if the subject-matter is personalty, and *heirs* or *devisees* if it is realty, so far as this class of causes is concerned. *Cockran* v. *Cockran,* 127 Pa. St. 486; *Ralston* v. *Sharon,* 51 Fed. Rep. 702; *Johnson* v. *Van Epps,* 110 Ill. 551; *Turner* v. *Berry,* 8 Ill. 541.

Upon the death of a party the title to his real estate passes at once to his heirs (subject, of course, to right of creditors to be worked out through the administrator), and the administrator cannot represent them in court.   They are necessary parties, where the title to real estate is involved, and the court should, of its own

motion, refuse to proceed till they are brought in. *Anderson* v. *Levy,* 33 Ark. 665; *Theurer* v. *Brogan,* 41 Ark. 88; *McCauley* v. *Six,* 34 Ark. 379; *Sisk* v. *Almon,* 34 Ark. 391; *Chowning* v. *Stanfield,* 49 Ark. 87.

As shown in the statement of facts, there was no attempt made to bring in Penzel and the other parties to the original bill except Terry, and his powers had ceased.

If a liberal construction was given the petition and bill, it might be inferred that it was intended to serve summons on all the original parties. It is a substantial right preserved to parties to a decree that it cannot be reviewed for vices not apparent on the face of the record without leave first had and obtained of the court, and a petition for such leave must be filed and all parties to the judgment given notice thereof. 2 Daniell, Chancery Practice, 1578; 2 Beach, Modern Eq. Pr. § 868.

The only notice here given was to Terry, and that is only shown by himself in the response, and not by the petitioner. Notice to him as guardian was unavailing, and notice to him as administrator insufficient, and, as stated, no notice is shown to have been given to any of the other necessary parties to the decree, even if it be conceded that the bill would have made them parties. It is unavailing to say that they could have been brought in afterward, because they had a right to be heard *in limine;* and no presumptions are to be indulged that the bill presented would be afterward amended to be sufficient. A majority of the court are of opinion that some of the other points presented are also fatal to the maintenance of the bill, but it is unnecessary to discuss them, as this is a question meeting the appellant at the threshold, and is fatal to the relief prayed.

The decree is affirmed.

Mr. Justice BATTLE concurs in the judgment.