Binkley & Binkley, of Graham, and Warren W. Moore and Audley Harris, both of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession for the purpose of sale of spiritous liquor capable of producing intoxication; penalty, one year in the penitentiary.

Complaint is made of the following matter: While the witness for the state, Smith Houston, was testifying, the district attorney was permitted to propound the following question: "Was the liquor intoxicating?" Counsel for appellant objected to said question as repetition, whereupon the court in sustaining the objection remarked: "He has already testified he drank it and that it was intoxicating." The bill fails to show, as it should, what witness Houston had theretofore testified. The statement of facts shows, however, that he had testified that the liquor was intoxicating. It has been frequently held that the remark of a trial judge not calculated to operate prejudicially to the accused was not reversible error. Wilson v. State, 17 Tex. App. 535; House v. State, 19 Tex. App. 239; Wofford v. State, 60 Tex. Cr. R. 628, 132 S. W. 929; Branch's P. C. § 270. The effect of the remark of the court was merely to repeat the contention of counsel of appellant in the presence of the jury and we are not able to perceive how the same could have injured appellant.

[1] The further contention is made that there was error because the district attorney in his questions referred to the liquor in question as whisky when it was in fact brandy. The court sustained appellant's objection, but he seems to present the point that the mere asking of the question was so highly prejudicial as to constitute error. In a brief filed by appellant no authorities are cited, and we do not believe any authority exists, to support appellant's contention that a trifling matter of this kind would justify a reversal.

The evidence in our opinion being sufficient and no errors appearing in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. Appellant insists that we erred in practically each point decided in the original opinion. The testimony in the case was short. Four bills of exception were reserved. We have again reviewed each. We cannot comprehend how the reference to the liquor sold by appellant as whisky, by the district attorney, could have inflicted injury. No testimony is offered supporting any inference that the jury were prejudiced or misled or influenced thereby. The second bill of exceptions which complains of repeated leading and suggestive questions fails to set out any questions or any fact supporting the contention.

[2] The third bill sets out that while Smith Houston was being examined he was asked whether or not the liquid was intoxicating. Counsel for appellant objected because this was but repetition. The court sustained the objection, saying, "He has already testified he drank it and that it was intoxicating." The statute (article 707, C. C. P. 1925) says the court shall not comment upon the weight of the testimony, or its bearing on the case, nor make any remark calculated to convey to the jury his opinion of the case. It is held that for the court, in ruling upon an objection made, to say that the question has been answered is not erroneous. Bonners v. State (Tex. Cr. App.) 35 S. W. 669; Smith v. State, 81 Tex. Cr. R. 368, 195 S. W. 595. This bill does not show that the question had not already been asked and answered in the affirmative. That it had been asked is evident from the very objection made, which was that it was a repetition. If the question had been asked and had been answered in the affirmative, then certainly the statement of that fact by the court was not a comment on the weight of the testimony nor an indication of the court's opinion regarding the matter.

We are of opinion that the case was correctly decided, and the motion for rehearing will be overruled.

---

## BERRY et al. v. O'HAIR. (No. 7199.)

Court of Civil Appeals of Texas. Austin.
March 7, 1928.

Rehearing Denied March 28, 1928.

1. Appeal and error ⚖️144—Party as to whom suit for injunction was dismissed has no right to appeal.

Party who disclaimed interest in property, and as to whom suit to enjoin guardian's sale of property was dismissed, had no right to appeal therefrom.

2. Appeal and error ⚖️141—Guardian, enjoined from selling property on theory that order for sale was void, has right to appeal.

In suit by wife of incompetent to enjoin sale of property by his guardian, on theory that wife owned property in her own right, and that appointment of guardian was void because court lacked jurisdiction, although guardian was not sued in representative capacity, and judgment granting injunction did not determine question of title as between plaintiff and her husband, effect of injunction was to hold order appointing such guardian null and void, and defendant had right to appeal therefrom.

---

**3. Appeal and error** ⟨⟩⟩781(4)—**Where incompetent has died, appeal from injunction preventing his guardian from selling property should be dismissed.**

Where incompetent has died, appeal from injunction restraining his guardian from selling property alleged to have belonged to incompetent should be dismissed, since guardianship has terminated, and with it guardian's authority to sell property.

**4. Insane persons** ⟨⟩⟩44—**Death of incompetent ward held to terminate guardianship and guardian's authority to sell property.**

Death of incompetent ward terminated guardianship and guardian's authority to sell his property under order of court.

**5. Insane persons** ⟨⟩⟩44—**On death of incompetent ward, authority of guardian is limited to making proper settlement in probate court and with legal representatives of ward.**

On death of incompetent ward, guardian's authority is limited to making proper settlement in probate court and with legal representatives of ward, regardless of fact that order for sale of ward's property, made before his death, had not been executed.

Appeal from Burnet County Court; O. B. Zimmerman, Judge.

Suit by S. B. O'Hair against J. H. H. Berry and John R. Brandon for an injunction. Defendant Brandon was dismissed from the suit, with his costs. From a judgment for plaintiff, defendants appeal. Appeal dismissed.

Roy L. Walker and J. C. Abney, both of Lampasas, for appellants.

W. H. Browning, of Lampasas, for appellee.

McCLENDON, C. J. Appeal by J. H. H. Berry and John R. Brandon from a judgment of the county court of Burnet county, by which Berry was perpetually enjoined from selling, or in any way disturbing Mrs. O'Hair in the possession of, certain cattle. Brandon was dismissed from the suit with his costs.

The litigation grew out of the following facts:

Mrs. S. B. O'Hair and her husband, Joe O'Hair resided in Burnet county. Joe O'Hair became non compos mentis while in Lampasas county, and Berry instituted in the county court of that county guardianship proceedings, and was appointed temporary guardian of his estate. At the next regular term of the court, Mrs. O'Hair contested the jurisdiction of the court on the ground that her husband resided in Burnet county. Subject to this plea, she asserted her right to be appointed guardian of her husband's estate, should the court retain jurisdiction. This plea was overruled apparently on the ground that Joe O'Hair had in fact moved his residence to Lampasas county before he became non compos mentis, and Mrs. O'Hair was ap-

pointed permanent guardian of the estate. This order was made on June 4, 1927. Berry appealed from it to the district court of Lampasas county, and that court sustained Mrs. O'Hair's plea to the jurisdiction, and remanded the proceeding to the county court, with instructions that it be dismissed for want of jurisdiction. Berry appealed to this court, and his appeal was dismissed upon agreed motion on the ground that, since filing the record, Joe O'Hair had died, and the questions involved had therefore become moot. On September 26, 1927, the county court of Lampasas entered an order authorizing Berry as guardian to sell the cattle at issue as the property of his ward, on the ground that it was perishable. Mrs. O'Hair brought this suit against Berry and Brandon to restrain the sale of the property under the order, alleging that she owned the property in her own right; that the appointment of Berry as guardian of her husband's estate was void, because the county court of Lampasas county had no jurisdiction in the matter, and Berry was about to sell the property to Brandon. Brandon disclaimed any interest in the property. Mrs. O'Hair discontinued as to him, and he was dismissed with his costs. Berry disclaimed any interest in the property, and asked that the suit be dismissed as against him, on the ground that he was not sued in his representative capacity. The injunction was granted as above stated as to Berry, and he was taxed with the costs.

[1, 2] Mrs. O'Hair has filed a motion to dismiss the appeal on the ground that no judgment was rendered against the appellants, and there is nothing, therefore, for them to appeal from. In so far as Brandon is concerned, this contention is correct, but it is not correct as to Berry. It is true that Berry was not sued in his representative capacity, and the judgment is not determinative of the question of title as between Mrs. O'Hair and her husband. However, the ground on which the injunction was sought and granted was that Berry was attempting to assert an authority as guardian under a void order. If the order was not void, then no relief should have been granted to Mrs. O'Hair because she was not seeking to contest the title to the property as between herself and her husband or his legally appointed guardian. Therefore the validity, of the order was directly brought in question, and the effect of the judgment granting the injunction was to hold the order absolutely null and void. It can be supported on no other theory. The motion to dismiss on the grounds stated therein is therefore overruled.

[3-5] It appears, however, from the agreed motion in the guardianship appeal that the questions involved have become moot, and for that reason the appeal should be dismissed.

---

⟨⟩⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Joe O'Hair having died, the guardianship, as such, has terminated, and with it the authority of the guardian to sell the property in controversy. The authority of such guardian is limited to the making of a proper settlement of his trust in the probate court and with the legal representatives of his late ward. Burr v. Wilson, 18 Tex. 367; American Surety Co. v. Hardwick (Tex. Civ. App.) 186 S. W. 804; Carpenter v. Soloman (Tex. App.) 14 S. W. 1074; State Fair Association v. Terry, 74 Ark. 149, 85 S. W. 87; 28 Corpus Juris, pp. 1096, 1097, and authorities cited in notes 1, 6, 12, 13, and 21.

The appeal is dismissed.

Appeal dismissed.